In re KOSLOWSKI.

(District Court, M. D. Pennsylvania. May 22, 1907.)

No. 844.

BANKRUPTCY — AWARD OF ARBITRATORS — LIEN ACQUIRED BY — SUBSEQUENT JUDGMENT CONFIRMING IT WITHIN FOUR MONTHS OF BANKRUPTCY—COLLUSION—COSTS.

A creditor of a bankrupt, some nine months prior to the bankruptcy of the defendant, obtained an award of arbitrators in a pending suit, which under the law of the state became a lien from its entry on the defendant's real estate. The defendant moved to have it stricken off because of irregularities, and later took an appeal within the time limited by law, by which the case was brought back into court, and upon trial before a jury succeeded in materially reducing the amount recovered. Thereupon the plaintiff moved for a new trial, but before it was disposed of the parties got together and agreed that the verdict should be amended so as to stand for the amount of the award, without interest, and that judgment should be entered thereon, which was done. Six days later the defendant became a voluntary bankrupt. *Held* that, the lien of the award having attached more than four months prior to bankruptcy, it was entitled to be paid out of the proceeds of the bankrupt's real estate, notwithstanding that the judgment confirming it was obtained within that period and that the award was ineffectual without it, the judgment for this purpose not being one that is denounced by the bankruptcy act or in conflict with it; nor was this affected by the fact that the judgment was by confession, the remedy, if there was collusion, being by rule to open, or by bill directly attacking it. *Held*, further, however, that payment should be limited to the amount as settled by the judgment, without costs, except such as were made in obtaining the award.

In Bankruptcy. On certificate from H. A. Fuller, referee.

John R. Sharpless, for contesting creditors.
W. W. Watson, for trustee.
John McGahren, for claimant.

ARCHBALD, District Judge. This case arises out of the distribution of the proceeds derived from a sale of the bankrupt's real estate. On August 17, 1905, in a suit brought by Felix Yodgis, who is the claimant here, against the present bankrupt, in the court of common pleas of Luzerne county, where the land lay, to June term, 1905, an award of arbitrators was rendered in favor of the claimant for $3,313.-95, which, according to the state law, became a lien upon the defendant's real estate from the date of its entry. Act Pa. June 16, 1836, § 24 (P. L. 722). Charging that the board of arbitrators had not been legally organized, and had proceeded in his absence, after he was notified that there would be no hearing, the defendant obtained a rule to show cause why the award should not be stricken off. It is claimed by the plaintiff that this was afterwards discharged by the court, upon argument, although the record does not show it. But it is not material. Subsequently, and before the time had expired which is allowed by the statute, the defendant appealed from the award, and the case was thus brought back into court; any irregularity in the proceedings leading up to the award being thereby waived. Evans v. Duncan, 4 Watts (Pa.) 24.

Issue being thereupon duly joined, the case came on for trial before a jury March 22, 1906, and a verdict was rendered for the plaintiff, but for the reduced amount of $421.35. This did not suit the plaintiff, and he accordingly moved for a new trial; but on June 1, 1906, without waiting for the disposition of the motion, the parties got together, and by a written stipulation, signed by their respective counsel, it was agreed that the verdict should be amended so as to stand for $3,313.95, the amount of the award without interest, and that judgment should be entered thereon; the rule for a new trial to be discharged. This was presented to the court and allowed June 2, 1906, as of which date judgment for the amount specified was given. Six days later, on June 8th, the defendant became a voluntary bankrupt, and, this being within the four months period, the judgment, as it is claimed, is made void by the bankruptcy law, and, if so, being necessary to give effect to the lien of the award, the plaintiff takes nothing by reason of it.

The award of the arbitrators, as already stated, became a lien from its entry on the real estate of the bankrupt, which the appeal did not disturb, and which, pending a final disposition of the action, was capable of indefinite extension by a writ of scire facias to revive, the same as in the case of a judgment. Act Pa. April 21, 1840, § 1 (P. L. 449). Where an award has been so obtained, and the defendant on appeal secures a judgment in his favor, the lien of the award of course falls; or, if the judgment is for a reduced amount, all over and above that is similarly disposed of. But, on the other hand, to the extent that the action is sustained and a judgment recovered within the amount of the award, the lien is carried back to the date of its entry, and takes rank accordingly. First National Bank's Appeal, 100 Pa. 418. This is familiar law, which hardly needs the citation of authorities. The only question is as to how to apply it.

It is contended by the trustee and the contesting creditors, as already intimated, that, as the judgment which was secured by the claimant was essential to give effect to the award, and was obtained within

four months of bankruptcy, the lien of the award is incapable of enforcement, the judgment being nullified either by those provisions of the bankruptcy act (Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450]), which make void "all levies, judgments, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him," or by those (sections 60a, 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]) which prohibit and make voidable a preference of one creditor over another which has been similarly secured. It does not matter in this view that the judgment as here was the voluntary act of the bankrupt. The result would be the same, if it were at the end of adverse proceedings. It is, for instance, made just as much a preference within the one section, if a judgment is suffered to be entered against him by the bankrupt while insolvent, as it is if procured by his direct agency; and it is apparently of no concern, according to the other, how the judgment is brought about; all levies, judgments, etc., obtained under the circumstances specified being declared null and void, if bankruptcy follows. The present claim is therefore to be disallowed, if at all, not because of the character of the judgment, but simply the time of it. And if it was based on the judgment, independent of any other consideration, it undoubtedly would have to be so disposed of. But this is not the case, and it is just here that the contention made against it falls. The right of the claimant to be paid depends primarily and essentially upon the lien of the award, which attached some nine months before the proceedings in bankruptcy were instituted, and except by the failure of the claimant to maintain his action to the amount of it, nothing thereafter could relieve the real estate of the bankrupt from its payment. It is true that a final disposition of the case, one way or the other, was necessary to determine this; but a judgment confirming the award merely enabled the plaintiff to get the benefit of it, and if secured by the confession of the defendant, without collusion, it was just as effective for that purpose, as it would have been after a contest, with the defendant denying his liability to the end. In fact, had bankruptcy intervened while the controversy was still open, there can be no doubt that permission would have been given to the claimant to prosecute his action, the trustee being first made a party, in order that the status of the award might be settled.

The case in its essential features is not to be distinguished from Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. The plaintiffs there, by a creditors' bill, secured an equitable lien on the personal property of the debtor, who became bankrupt within four months after a final judgment was rendered. The District Court, being appealed to, thereupon stayed the proceedings, holding, the same as it is contended here, that the lien secured by the bill was contingent upon the recovery of a final judgment, and liable to be defeated by anything by which it was affected; and that, being dependent in this way upon the judgment which was avoided by the bankruptcy of the defendant, it fell with the judgment, and could not be enforced. But this, upon being carried up, was reversed, and it was held that it is only the lien created by a levy, judgment, or attachment, within four months

of bankruptcy, that is defeated by an adjudication, and that, while the lien secured by a creditors' bill is contingent, in the sense that it depends on the event of the suit, yet in itself, and so long as it exists, it is a specific charge on the assets of the debtor which can only be divested by payment, and that a judgment or decree, by which it is enforced, is not one that is denounced by the bankruptcy act, and is valid. So in Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, upon a similar bill, also begun more than four months before proceedings in bankruptcy, which was pending when such proceedings were instituted, it was held that the creditors were entitled to prosecute the case to a final decree, notwithstanding the intervention of bankruptcy within the statutory period. And in Re Snell, 11 Am. Bankr. Rep. 35, 125 Fed. 154, also, following these authorities, it was similarly held that where, by attachment proceedings, a lien had been obtained more than four months before the filing of a petition in bankruptcy, the plaintiff should be permitted to pursue the action to judgment, and satisfy it by a sale of the attached property on execution. There are other cases to the same effect, but it is not necessary to refer to them. They all recognize, what must indeed be evident, that, where a valid lien has been secured more than four months prior to bankruptcy, proceedings to enforce the same do not conflict with the bankruptcy law, and may be instituted and prosecuted to the end, if that is requisite. Loveland on Bankruptcy (3d Ed.) 545, 546, 608. In the present instance, therefore, the applicant was entirely within his rights in taking judgment as he did by agreement with the bankrupt, and it is immaterial that this was within a few days of the filing of the petition; and the merits having been thereby concluded in his favor, the lien of the judgment is carried back to the award, which being sustained to its full amount, excepting interest, is binding as of the date of its entry, and must be paid.

It is said, however, that the confession of judgment was collusive; the parties having evidently got together and entered into an arrangement to defeat creditors. The suit, as it is pointed out, was upon an agreement in May, 1904, by which a settlement of the accounts between the parties was effected, the amount found due being made payable in installments of $300 annually, but one of which had accrued at the time suit was brought, to which a recovery was thus necessarily limited. And the sudden change of heart, by which, after contesting the case at every point, the defendant on the eve of bankruptcy gave everything away, it is claimed, was manifestly induced by something besides the interest of creditors. The merits of the plaintiff's claim, on the other hand, are defended, and the action of the bankrupt vigorously justified. But the question which is thus sought to be raised is not here, and will not be passed upon. We are only concerned at this time with the effect to be given to the judgment, and not with considerations upon which it could possibly be overturned. If it was given collusively, the trustee should have moved to open it in the common pleas, or attacked it by bill either there or here. So long as it stands, it operates in favor of the claimant confirming and establishing the validity of the award and enforcing its lien; it being immaterial, as we have seen, whether the merits of the action are foreclosed by

the confession of the defendant or by adverse proceedings. Even if this were not so, and the question of collusion could be gone into, the circumstances which have been alluded to, while possibly exciting suspicion, are not enough to justify disturbing the judgment, particularly in view of the original meritorious consideration upon which it is founded. The referee will therefore distribute to the claimant the amount of the award with interest from June 1, 1906, but without costs except such as were made in obtaining it. Christy v. Crawford, 8 Watts & S. (Pa.) 99.

And it is so ordered.