No. 25,750.

THE BREMEN STATE BANK, *Appellee,* v. G. D. LOFFLER and EKKE ROSENBOOM, *Appellants.*

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Jurisdiction—Necessity for Specific Objection.* It is not error for a court to overrule a motion to dismiss a case on the general ground that the court is without jurisdiction where the moving party fails to point out the specific defect upon which he relies for dismissal.

2. SAME—*Jurisdiction—Waiver of Objections—Failure to State Specifically.* It is the duty of a party to state specifically the grounds of his claim that the court is without jurisdiction, and if he fails to do so or does it so obscurely that the court is not informed of his objection, he will be deemed to have waived an objection if one exists.

3. FRAUDULENT CONVEYANCES—*Rights of Creditor—Attachment.* A fraudulent transfer of land made to defeat a creditor is a nullity as to the creditor, and although the debtor has placed the legal title in another, his equitable interest in the land is subject to attachment for his debt.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed May 8, 1926. Affirmed.

*Edgar Bennett, A. C. Bokelman,* both of Washington, and *J. A. McGuire,* of Wymore, Neb., for the appellants.

*Walter T. Griffin,* of Marysville, *Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt,* all of Concordia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Bremen State Bank brought this action to recover upon three promissory notes executed by G. D. Loffler and E. Rosenboom, due at different dates and in the aggregate amount

Appeal and Error, 3 C. J. pp. 689 n. 41, 746 n. 16, 755 n. 11, 771 n. 39, 773 n. 67. Attachment, 6 C. J. pp.'193 n. 69, 205 n. 69; 12 R. C. L. 625. Dismissal and Nonsuit, 18 C. J. p. 1198 n. 21. Fraudulent Conveyances, 27 C. J. p. 463 n. 65.

Bremen State Bank v. Loffler.

of $6,250. Both of the defendants resided in Nebraska, and personal service was not obtained upon either of them. On the assumption that Rosenboom owned a tract of land in Washington county, steps were taken by the plaintiff to procure service upon him by publication and an attachment of his land. No service of any kind having been made upon Loffler, he was dismissed from the action and the case proceeded against Rosenboom alone. He made a special appearance, questioning the jurisdiction of the court and the validity of the attachment, but the court determined that it had jurisdiction of the controversy and it also sustained the attachment. Afterwards Rosenboom filed an answer, and in the trial which followed a directed verdict was returned in favor of the plaintiff for the amount claimed. Rosenboom appeals, and the errors relied on for reversal are the overruling of the motion to dismiss the action and the denial of the motion to dissolve the attachment.

It appears that the petition was filed on November 5, 1921, and a summons issued, but personal service of the summons was not made upon the defendant. An order of attachment was issued the same day the petition was filed, and it was levied on the tract of land in Washington county, which was duly appraised at the value of $20,000. Not having obtained service of the summons, plaintiff proceeded to obtain service by publication, but it appears the first publication was not made until January 7, 1922, which was more than sixty days after the filing of the petition and the attachment of the real estate. Because of this delay it is contended that no action was in fact commenced, and that the attachment was nugatory. On March 3, 1922, defendant filed the following motion asking a dismissal of the action:

"And now comes Ekke Rosenboom, one of the above-named defendants, appearing specially and for the purpose of this motion only, and moves the court to dismiss the above-entitled action upon the ground and for the reason that said action is not rightfully brought in Washington county, Kansas, and said court is without jurisdiction to hear and determine said cause of action."

On April 3, 1922, the defendant moved to dissolve the attachment upon the ground that the allegations of the plaintiff's affidavit for attachment were untrue. In that affidavit it was alleged that defendant was a resident of Nebraska, and that he had conveyed away and disposed of his farm in Washington county, being all of his property within the state, with the fraudulent intent to cheat and defraud his creditors and to hinder and delay them in the collection

of their debts. The motion to dismiss the action was overruled and the attachment sustained, whereupon the defendant was given leave to answer, which was thereafter filed, and as already stated a judgment was rendered in favor of the plaintiff. It is insisted that the court erred in overruling the motion to dismiss because the first publication of notice was not made within sixty days from the time of filing the petition and the issuance of the attachment. It will be noted that the motion to dismiss does not point out the reasons why the action was not rightfully brought in Kansas, and it appears that in presenting the motion to dismiss, no evidence was presented to the court. The motion for dismissal because of a lack of jurisdiction gave the court no information of the grounds relied on for dismissal. It was the duty of the defendant to state specifically the grounds of his claim that the case was not rightfully brought in Washington county. Counsel for the plaintiff was entitled to know the grounds of the attack, and the court could not pass on the question with understanding unless the defects were definitely brought to its attention. When counsel fails to assist the court by pointing out clearly the defects upon which he relies, or does it so obscurely that the court does not understand it, he is not in a position to complain of its ruling and is deemed to have waived his objection. The court can only review rulings made by the district court and cannot consider questions raised for the first time on appeal. To obtain a reversal of a ruling the record must show that the very matter presented here was distinctly brought to the attention of the trial court, and was so definitely pointed out that there is no misunderstanding of the question actually decided. A mere general objection is ordinarily not sufficient. There are many authorities supporting these views, among which are *K. P. Rly. Co. v. Cutter,* 19 Kan. 83; *State v. Everett,* 62 Kan. 275, 62 Pac. 657; *Riverside v. Bailey,* 82 Kan. 429, 108 Pac. 796; *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075; *Brick v. Fire Ins. Co.,* 117 Kan. 44, 230 Pac. 309. Aside from the indefiniteness of the objection the counter abstract shows that the question actually presented to the court was not the failure to make publication within sixty days, but it was the point that the defendant, who was not a resident of the state, had no attachable property in the county, and that this was disclosed on the face of the affidavit for attachment. This contention was not based on the fact that there was a defect in the service, but

Bremen State Bank v. Loffler.

that the defendant being a nonresident jurisdiction could only be obtained by the attachment of property belonging to him within the jurisdiction of the court. The defendant's theory assumed that the defendant was properly sued if the land attached was his own. He had owned it and had gone through the form of transferring it and other property to his son, who executed a deed back to the defendant, which, however, was not to be placed on record, and the purpose as shown by his own evidence was to defraud creditors and defeat a recovery by the plaintiff.

The motion of defendant to dissolve the attachment because the allegations in the affidavit were untrue, was in the nature of a general appearance. That the transfer of the property was designed to secure it against attachment or execution was proven beyond dispute. It is the policy of the law that a debtor's property shall be liable for his debts, and he cannot avoid liability by a fraudulent transfer. Such a transfer is void at law as well as in equity, and is to be treated as a nullity. While the legal title had been transferred by the defendant, he was the equitable owner of the property. An equitable interest in land is subject to attachment although the legal title is held by another. (*Bullene v. Hiatt,* 12 Kan. 98; *Shanks v. Simon,* 57 Kan. 385, 46 Pac. 774; *Parmenter v. Lomax,* 68 Kan. 61, 74 Pac. 634.)

No reversible error is found in the record, and hence the judgment must be affirmed.