In re Thomas Edward HENSLEY, Claudette Ruth Hensley, Debtors.

William B. SORENSEN, Jr., Trustee, Plaintiff,

v.

The CITIZENS STATE BANK, ASHLAND, KANSAS, Defendant.

Bankruptcy No. 86–12021.
Adv. No. 86–0703.

United States Bankruptcy Court, D. Kansas.

Jan. 5, 1987.

---

William B. Sorenson, Jr., Karl R. Swartz, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., for plaintiff.

Calvin L. Wiebe, Triplett, Woolf & Garretson, Wichita, Kan., for defendant.

Marvin R. Appling, Wichita, Kan., for debtors.

## MEMORANDUM OF DECISION

JOHN K. PEARSON, Bankruptcy Judge.

The instant adversary comes before the Court upon the complaint of the trustee to avoid a preferential transfer pursuant to 11 U.S.C. § 547. The debtors appear by Marvin R. Appling, Wichita. The plaintiff/trustee appears personally and by Karl R. Swartz of Morris, Laing, Evans, Brock & Kennedy, Wichita. The defendant, Citizens State Bank ("CSB"), appears by Calvin L. Wiebe of Triplett, Woolf & Garretson, Wichita.

### FINDINGS OF FACT

The parties have stipulated to and the Court finds the material facts to be as follows:

1. On July 15, 1986 judgment in favor of the Citizens State Bank and against debtors herein was entered in Case No. 85-C-20 in the District Court of Clark County, Kansas in favor of the Citizens State Bank against debtors in the principal amount of $207,031.33, together with accrued interest. The Citizens State Bank's petition was filed more than four months prior to July 15, 1986.

2. Additionally, that judgment set aside as a fraudulent conveyance a deed from debtors to their children of the following described real estate:

The SE/4 of 23-33-24, and Lot 8, Block 32, Original Town, Ashland, Kansas, all in Clark County, Kansas.

3. Debtors' petition in bankruptcy herein was filed on August 11, 1986.

### STIPULATIONS OF LAW

4. The parties agree that the judgment meets all the requirements of a preferential transfer under 11 U.S.C. § 547(b), except for subpart (4) thereof.

### ISSUE

May the trustee recover from the defendant CSB the above described real estate under § 547(b)?

### DISCUSSION

That portion of § 547 under consideration provides as follows:

(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

....

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

....

(e)(1) For the purposes of this section—

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee;

....

(2) For the purposes of this section, ... a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ....

▮ Therefore under that statute, the time at which the transfer is made depends upon when the transfer is perfected. Perfection of the judgment lien on the debtors' real property occurs when a bona fide purchaser of such property from the debtor cannot acquire an interest that is superior to the interest of the transferee. The time at which a judicial lien becomes "perfected" is to be determined by state law. *See In re Antinarelli Enters., Inc.,* 49 B.R. 412 (Bankr.D.Mass.1985), *aff'd.,* 791 F.2d 5 (1st Cir.1986) ("The date of attachment of the judicial lien on the property of the debtor, as well as the nature, extent and validity of the lien, is to be determined by state law...."); *Bass v. Stodd,* 357 F.2d 458 (9th Cir.1966); *Metcalf Bros. & Co. v. Barker,* 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902); *In re Coston,* 65 B.R. 224 (Bankr.D.N.M.1986); *Matter of Coppie,* 728 F.2d 951 (7th Cir.1984), *cert. denied,* 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 722 (1985); *Matter of Ramco American Int'l., Inc.,* 754 F.2d 130 (3d Cir.1985); *In re Foluke,* 38 B.R. 298 (Bankr.D.Ill.1984); *In re Syed Indust.,* 58 B.R. 920 (Bankr.E.D.N.Y.1986).

Pursuant to Kansas law a judgment rendered in the State of Kansas constitutes a lien on the real estate of the judgment debtor within the county in which the judgment is rendered. K.S.A. 60–2202.[1] The lien attaches to the debtor's equitable interest in property even though the debtor may have fraudulently conveyed legal title to a third person. In *Bremen State Bank v. Loffler,* 121 Kan. 6, 245 P. 742 (1926), the court stated:

It is the policy of the law that a debtor's property shall be liable for his debts, and he cannot avoid liability by a fraudulent transfer. Such a transfer is void at law as well as in equity, and is to be treated as a nullity. While the legal title had been transferred by the defendant, he was the equitable owner of the property. An equitable interest in land is subject to attachment although the legal title is held by another.

*Id.* at 9, 245 P. 742. In *Credit Union of America v. Myers,* 234 Kan. 773, 778, 676 P.2d 99 (1984), The court noted: "In Kansas every conveyance of land made with the intent to defraud creditors is deemed utterly void and of no effect." Thus a judgment would appear to attach as a lien on property even prior to entry. *Peters v. Farmers' State Bank,* 106 Kan. 1, 185 P. 892 (1920). In *Peters,* plaintiff obtained a judgment on December 16, 1915 against the Schuettes, which became a lien on the Schuettes' property on the first day of the November term of court. Before the judgment was entered, on November 15, 1915, the Schuettes conveyed the realty to Helene Peters, who sought to enjoin the sale of the property in satisfaction of the judgment.

The court upheld the judgment ordering the sale of the land because the prior judgment was based upon the fact that the property had been fraudulently conveyed to Peters. *See also Shanks v. Simon,* 57 Kan. 385, 46 P. 774 (1896).

In *Federal Land Bank v. Tawzer,* 129 Kan. 93, 281 P. 904 (1929), appellants argued that the judgment taken against them did not become a lien upon the land because the land had been conveyed a few days prior to the attachment of the lien. The court upheld the judgment and sale stating:

It is true that real property conveyed before judgment cannot be subjected to the payment of such judgment unless in an action brought for the purpose it is alleged and proved that it was conveyed with the intent to prevent the judgment being enforced against it..... That was

---

1. "The lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed, but not to exceed four months prior to the entry of the judgment."

the question at issue in this case. The judgment was a lien on all the right, title, interest and equity of C. Frank Tawzer in the land without regard to where and in whom was the legal title.

*Id.* at 96, 218 P. 904.

As noted by the trustee in his brief, Judge Morton held in *In re Ike Martin Co., Inc.,* 49 B.R. 13 (Bankr.D.Kan.1985) that the lien imposed by K.S.A. 60-2202(a) is contingent and inchoate. However, the court did *not* hold that there was no lien. Indeed the court specifically found that the lien attached four months before the entry of judgment, but that it was contingent and inchoate, and did not take prior to a federal tax lien pursuant to a federal statute.

■ Under state law, even though the lien is contingent and inchoate it is effective to prevent a third party from taking an interest superior to the interest of the transferee. Therefore the lien is perfected four months prior to the entry of judgment and, thus, pursuant to § 547(e)(1)(A) the transfer is deemed to have occurred outside of the ninety-day preference period.

Though of limited precedential value, because the Court must rely upon Kansas law, other jurisdictions are in agreement with the above decision based on similar facts and statutes. In *Metcalf Bros. & Co. v. Barker, supra,* the United States Supreme Court held that:

Doubtless the lien created by a judgment creditor's bill is contingent in the sense that it might possibly be defeated by the event of the suit, but in itself, and so long as it exists, it is a charge, a specific lien, on the assets, not subject to being divested save by payment of the judgment sought to be collected.

*Id.,* 187 U.S. at 172, 23 S.Ct. at 70. In so holding the Supreme Court reversed the District Court which had held that the lien created by the filing of a judgment creditor's bill and service of process was "contingent upon the recovery of a valid judgment, and liable to be defeated by anything that defeats the judgment, or the right of the complainants to appropriate the funds;" and that "such a contingent or equitable

lien, cannot be superior to the judgment on which it depends ... and a judgment recovered within four months shall be deemed null and void." The rationale of the District Court, rejected by the Supreme Court, is very similar to the argument propounded by the trustee in the instant case. *See also In re McNeely,* 51 B.R. 816 (Bankr.D.Utah 1985) and *In re Coston,* 65 B.R. 224 (Bankr.D.N.M.1986), both following the *Metcalf Bros. & Co.* case, *supra.* Also following the *Metcalf Bros. & Co.* case is *In re Lamm,* 47 B.R. 364 (E.D.Va.1984). In *Lamm* the court held that:

A lien established more than four months (in this case ninety days) prior to the filing of bankruptcy, is a lien not subject to avoidance by bankruptcy even though the enforcement, or payment or transfer of the monies occurs within four months (here ninety days) of the filing of the bankruptcy petition. Such a lien is not affected by the fact that the judgment lien is not absolute, unequivocal, or irrevocable, or by reason of the fact the proceedings for enforcement are contingent upon the recovery of a valid judgment, or the fact the lien is contingent and inchoate and might be defeated by subsequent events.

*Id.* at 369-70. The Third Circuit in *Matter of Ramco American Int'l., Inc.,* 754 F.2d 130 (1985), though dealing with personal property, approved a similar relation back theory under New Jersey law. The court held:

Under New Jersey law, the superiority of interest as between two judgment creditors is determined not by the date of levy, but, once levy is made, by the date the writ of execution is delivered to the levying authority.... In other words, although a transfer of interest does not occur until levy is made, once levy is made the effective date of the transfer relates back to the date the writ of execution was delivered to the levying authority. The purpose behind this rule is to protect the diligent creditor from any delay between the date the writ is delivered and the date of the levy....

. . . .

In this case, therefore, once levy was made, the effective date of the transfer related back to the date the writ of execution was delivered to the Marshal's Service.

*Id.* at 132. Because of the relation back provision in the New Jersey statute the court found that there was no preferential transfer within the meaning of § 547(b) of the Code. *See also Harbor Nat'l. Bank of Boston v. Kumins, Inc.*, 696 F.2d 9 (1st Cir.1982).

In accordance with the foregoing memorandum the Court holds that pursuant to Kansas law the Citizen State Bank's judicial lien attached and became effective on or about March 15, 1986, prior to the ninety-day preference period and thus is not avoidable.

The foregoing constitutes findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a) and Fed.R.Bankr.P. 7052.

A separate judgment will be entered giving effect to the determinations reached herein.