### In re PROFFITT CONSTRUCTION CO., INC., Debtor.

### Larry E. SCHNEIDER, Trustee, Plaintiff,

v.

### BLACK GOLD, INC. and U.S. Supply Co., Defendants.

Bankruptcy No. 84–40646.
Adv. No. 84–0238.

United States Bankruptcy Court, D. Kansas.

March 5, 1987.

Larry E. Schneider, Topeka, Kan., Trustee.

Gregory F. Maher, Glenn, Cornish, Hanson & Karns, Topeka, Kan., Daniel L. Sailler, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., for U.S. Supply.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This adversary proceeding is before the Court on the § 547 complaint of the trustee, Larry E. Schneider. The trustee seeks to avoid as a preference the judgment lien of the defendant, U.S. Supply Co. The trustee appears as his own counsel. U.S. Supply appears by Daniel L. Sailler, Swanson, Midgley, Gangwere, Clarke & Kitchin, and Gregory F. Maher, Glenn, Cornish, Hanson & Karns.

## FINDINGS OF FACT

This matter was submitted on briefs and the following undisputed facts.

More than 90 days before bankruptcy, on March 21, 1984, U.S. Supply instituted a chapter 60 action against Proffitt Construction Co. in Shawnee County District Court (Case No. 84–CV–382). U.S. Supply sought to collect on an open account for goods sold. Within 90 days of bankruptcy, on April 18, 1984, U.S. Supply obtained a $8,080.37 judgment against Proffitt. Proffitt then filed for bankruptcy on July 9, 1984. Throughout the time period in question, Proffitt owned three parcels of real estate in Shawnee County.

The trustee then filed the instant adversary complaint seeking to avoid U.S. Supply's judgment lien on the three parcels. The issue presented for determination is whether the transfer of real property was made within 90 days of bankruptcy so as to constitute an avoidable preference within the meaning of 11 U.S.C. § 547.

## CONCLUSIONS OF LAW

11 U.S.C. § 547(b) permits the trustee to avoid any transfer of an interest of the debtor in property

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) *on or within 90 days before the date of the filing of the petition;* ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title. (emphasis added)

The parties agree that the only element in issue is whether the transfer was made on or within 90 days of the bankruptcy filing.

For his part, the trustee argues that the transfer was made when the judgment was taken, which occurred during the 90–day preference period. U.S. Supply argues, however, that since the transfer was effective outside the 90 days under the Kansas four-month relation back statute, K.S.A. 1986 Supp. 60–2202(a), that no preference occurred.

The Bankruptcy Code defines when a transfer is "made" for purposes of § 547. Section 547(e)(2) provides that a transfer is "made"

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; [or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ...

Section 547(e)(1) in turn directs when a transfer is "perfected:"

(A) a transfer of real property ... is perfected when a bona fide purchaser of

such property from the debtor against whom applicable law permits such transfers to be perfected cannot acquire an interest that is superior to the interest of the transferee; ...

State law controls what constitutes perfection of a transfer. 4 Collier on Bankruptcy ¶ 547.46.

The statute under which U.S. Supply received its judgment lien is K.S.A. 1986 Supp. 60–2202(a). That section provides in relevant part:

Any judgment rendered in this state by a ... district court of this state in an action commenced under chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the judgment debtor within the county in which judgment is rendered.... *[T]he lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment.* (emphasis added)

Relying on the four-month relation back provision of K.S.A. 1986 Supp. 60–2202(a), U.S. Supply contends that its lien was perfected under Kansas law as against all subsequent bona fide purchasers at the time its petition was filed, which occurred outside the 90 days. In response, the trustee focuses on the "cannot acquire a [superior] interest" language of § 547(e)(1)(A) to argue that U.S. Supply "could not" have obtained a superior interest in the property until the judgment was rendered. The trustee posits that a hypothetical intervening purchaser might obtain an interest while the suit was pending but more than four months prior to the entry of judgment, thus obtaining a superior interest to that claimed by U.S. Supply. U.S. Supply's counter-argument is that case law supports an actual as opposed to a hypothetical test, and that since in this case U.S. Supply did obtain its judgment within four months, that the trustee's argument should be rejected. The Court agrees with the trustee.

Section 547 is a self-contained federal statute that treats otherwise perfectly legitimate transactions in the commercial nonbankruptcy world as voidable acts in the context of bankruptcy. The section, to apply uniformly, has its own set of rules, including reference back rules. In order to be uniformly enforced in all debtor-creditor relationships, regardless of the state jurisdiction in which they arise, the transactions are governed by the rules set out in the section and not by the various idiosyncrasies of state legislation. For Congress to have done otherwise would have been an invitation to each state to pass legislation altering the effect of the section, thus allowing its emasculation. See generally 4 Collier on Bankruptcy ¶ 547.46.

Accordingly, it is clear that Congress intended § 547 to establish a uniform ten-day relation back period for perfection which state law could not circumvent by allowing greater grace periods. *See In re Ken Gardner Ford Sales, Inc.,* 10 B.R. 632, 643 (Bankr.E.D.Tenn.1981). This result is also sustained by the plain language of § 546(b), from which reference to § 547 is conspicuously absent:

The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

See also 4 Collier on Bankruptcy § 547.-03[4].

In *In re Ken Gardner Ford Sales, Inc.,* 10 B.R. 632, the debtor, several years before bankruptcy, granted security interests in several vehicles to creditor under a floor plan financing arrangement. Under Tennessee law, creditor perfected its security interest only in part, by paying only part of the state taxes owed on the debt. Two months before debtor's bankruptcy, creditor paid the taxes and penalties, which under the Tennessee "escape" provision allowed perfection of the security interest to relate back to when it would have been perfected if the correct tax had been paid at all times. In response to the trustee's complaint to avoid the transfer as preferential, creditor argued that no delay in

perfection had occurred because of the Tennessee law's relation back.

The Bankruptcy Court disagreed. The Court stated:

Under the preference statute perfection relates back only as allowed by it. The exception in § 546(b) for state laws allowing relation back does not apply to the preference statute.

10 B.R. at 643. Since the creditor had not perfected within the ten-day grace period allowed by § 547(e)(2), the transfer was deemed made at the time it was perfected, i.e., for the previously unperfected security interest, at the time the escape clause was complied with, or within 20 days of bankruptcy.

Second, it is clear that the Court must apply a hypothetical test in determining whether the judgment lien of U.S. Supply was perfected. The cases cited by U.S. Supply do not support application of an actual rather than hypothetical test, and this Court finds none that do, either. Instead, U.S. Supply relies on *In re Wolf,* 13 B.R. 167 (Bankr.D.Mass.1981), *aff'd.* 696 F.2d 9 (1st Cir.1982), which does not speak to whether a hypothetical or actual test should be applicable, and which, in fact, supports this Court's end result. *Wolf* considered what the "effective date" of the transfer was under a state attachment law, as opposed to considering when perfection occurred. In *Wolf,* the attachment statute provided that the attachment would "take effect" from the time it was made if perfected within three days, except that attachments against land would not be valid against purchasers in good faith until perfected. The attachment occurred outside the 90 day period, but was perfected within the 90 day period, and within 3 days of the attachment. The entity seeking to have the attachment avoided as a preference argued that, since a trustee is a bona fide purchaser under § 544, the effective date of the attachment was the date of the perfection. The court disagreed. At the threshold, the court distinguished the two analytical steps relevant to whether the transfer was made within 90 days of bankruptcy: (1) at what time did the attachment

become effective between the transferor and transferee; and (2) whether the attachment was perfected within 10 days of the date it became effective. For the purposes of when the transfer took effect, the statute was clear that the attachment took effect the day it was taken since it had been perfected in three days. The court reasoned that the attachment section simply excepted the class of good faith purchasers from the effect of unrecorded attachments. The court's decision was thus based upon a simple reading of the statute, and not an acceptance of the actual or hypothetical test as U.S. Supply contends.

In this case, the transfer—the taking of a judgment lien on debtor's property—became effective under K.S.A. 60–2202(a) "from the time at which the petition stating the claim was filed ...", or March 21, 1984. Perfection occurred under K.S.A. 60–2202(a) and § 547(e)(1) when a bona fide purchaser "could not" have acquired a superior interest, or April 18, 1984, when the judgment was rendered. Since U.S. Supply did not perfect within ten days of the date the transfer was effective, the transfer was made at the time it was perfected, or within 90 days of bankruptcy.

In summary, the event giving rise to perfection under state law is the judgment, albeit, under state law, once judgment is rendered it refers back four months. Until it is rendered, however, the existence of a bona fide purchaser cannot be determined. The event giving rise to perfection, the judgment, is within 90 days of the filing of the bankruptcy petition herein. It is beyond the ten day reference back period provided by § 547(e)(2)(A) from the time the suit was filed. Thus, the transfer is not "made" pursuant to § 547(e)(2)(B) until rendering of the judgment which is within the 90 days preference period. Therefore the Court concludes that the transfer constituted a voidable preference under § 547 and should be set aside.

As a final matter, this Court recognizes that another decision in this district, *In re Hensley,* 70 B.R. 237 (Bankr.D.Kan.1987) (Pearson, J.), reaches a result different from that reached by this Court. How-

ever, the decision in *In re Hensley* fails to consider § 546(b).

Accordingly, the Court holds that the transfer occurred and was perfected on the date the judgment was rendered, and so was "made" on or within 90 days of bankruptcy. Therefore, the trustee's complaint for avoidance of U.S. Supply's lien should be granted.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.