**In re Donald Leroy HATFIELD, Debtor.**

**Christopher J. REDMOND, Trustee, Plaintiff,**

v.

**Joe MENDENHALL, and Lex Mendenhall, Co–Executors of The Estate of Patricia Ann Mendenhall, Deceased, Defendants.**

**Bankruptcy No. 86–10230.**
**Adv. No. 88–0026.**

United States Bankruptcy Court, D. Kansas.

March 16, 1989.

Laurie B. Williams, Wichita, Kan., for plaintiff.

William H. Zimmerman, Jr., Wichita, Kan., for defendants.

## MEMORANDUM OPINION

STEWART ROSE, Chief Judge.

The trustee has filed this adversary proceeding to avoid a preferential transfer alleged to have occurred within ninety days of the filing of the bankruptcy petition, pursuant to 11 U.S.C. § 547(b). Based on the following discussion, the trustee's complaint must fail.

## FINDINGS OF FACT

The parties have stipulated to and the Court finds the material facts to be as follows:

1. Debtor Donald Leroy Hatfield filed a voluntary Chapter 7 petition for relief on January 31, 1986.

2. On November 1, 1985, the Defendants Mendenhall filed a suit in the District Court of Gray County, Kansas against the debtor and others, on a note and to foreclose a mortgage.

3. At the time of filing the suit, Hatfield held title to other real estate located in Gray County, Kansas, which real estate is the subject of this Adversary Proceeding.

4. On January 21, 1986, judgment was entered in favor of the Mendenhalls and against Hatfield.

5. At the time of the judgment, Hatfield was insolvent. [Presumably, Hatfield was also insolvent at the time suit was filed.]

6. The Mendenhalls' suit against Hatfield was filed in the Gray County District Court ninety-one days prior to Hatfield's bankruptcy filing.

7. The judgment against Hatfield was entered within the ninety days prior to the filing of the bankruptcy petition.

8. The judgment lien constitutes a transfer to the Mendenhalls which would enable them to receive more than they otherwise would receive in Chapter 7 liquidation.

## ISSUE

Is the judgment lien obtained on the debtor's property by operation of Kan.Stat. Ann. § 60–2202(a) (Supp.1987) a transfer for preference purposes on the date the judgment was entered, or is the judgment lien a transfer on the date the suit was filed?

## DISCUSSION

Pursuant to Kansas law, a judgment entered in the State of Kansas constitutes a lien on the real property of the judgment debtor within the county in which the judgment is entered. Kan.Stat.Ann. § 60–2202(a) (Supp.1987) states that "... the lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment."

It would seem from the statute that even though the lien is inchoate, contingent and indeterminate, it is nevertheless valid. It is effective to prevent a third party from obtaining an interest superior to the lien of the transferee. The lien is thus perfected from the filing of the suit and becomes choate, determined and liquidated upon entry of judgment within four months. The transfer in this case thus seems to occur on the ninety first day, outside the preference period, and is not a preference.

The Court is, however, faced with conflicting decisions on the impact of bank-

ruptcy law on this precise point from the Bankruptcy Judges for the District of Kansas. The cases use different standards to determine when a transfer is made or perfected. If the transfer is made upon the filing of the foreclosure suit rather than at the time judgment is entered, then no preference has occurred.

*In re Proffit Const. Co., Inc.*, 73 B.R. 288 (Bankr.D.Kan.1987) states the issue as follows:

"Relying on the four-month relation back provision of K.S.A.1986 Supp. 60–2202(a), U.S. Supply contends that its lien was perfected under Kansas law as against all subsequent bona fide purchasers at the time its petition was filed, which occurred outside the 90 days. In response, the trustee focuses on the "cannot acquire a [superior] interest" language of § 547(e)(1)(A) to argue that U.S. Supply "could not" have obtained a superior interest in the property until the judgment was rendered. The trustee posits that a hypothetical intervening purchaser might obtain an interest while the suit was pending but more than four months prior to the entry of judgment, thus obtaining a superior interest to that claimed by U.S. Supply. U.S. Supply's counter-argument is that case law supports an actual as opposed to a hypothetical test, and that since in this case U.S. Supply did obtain its judgment within four months, that the trustee's argument should be rejected. The Court agrees with the trustee."

The Court then determined that the Bankruptcy Code establishes a uniform 10 day rule for perfection, superceding the state mandated four month rule. The essence of the Court's reasoning is:

"In this case, the transfer—the taking of a judgment lien on debtor's property—became effective under K.S.A. 60–2202(A) "from the time at which the petition stating the claim was filed ...", or March 21, 1984. Perfection occurred under K.S.A. 60–2202(a) and § 547(e)(1) when a bona fide purchaser "could not" have acquired a superior interest, or April 18, 1984, when the judgment was

rendered. Since U.S. Supply did not perfect within ten days of the date the transfer was effective, the transfer was made at the time it was perfected, or within 90 days of bankruptcy.

In summary, the event giving rise to perfection under state law is the judgment, albeit, under state law, once judgment is rendered it refers back four months. Until it is rendered, however, the existence of a bona fide purchaser cannot be determined. The event giving rise to perfection, the judgment, is within 90 days of the filing of the bankruptcy petition herein. It is beyond the ten day reference back period provided by § 547(e)(2)(A) from the time the suit was filed. Thus, the transfer is not "made" pursuant to § 547(e)(2)(B) until rendering of the judgment which is within the 90 days preference period. Therefore the Court concludes that the transfer constituted a voidable preference under § 547 and should be set aside."

*In re Hensley*, 70 B.R. 237 (Bankr.D. Kan.1987) reaches the opposite result. *Hensley* begins with the proposition that under 11 U.S.C. §§ 547(b) and (e), the time the transfer is made depends on when the transfer is perfected. Perfection of a judgment lien happens when a bona fide purchaser from the debtor cannot acquire an interest superior to that of the transferee. State law, reasons *Hensley*, governs the time of perfection. The Kansas statute says the lien is perfected as of the date of filing of the foreclosure petition. Even though inchoate and indeterminate, nevertheless the lien is perfected on the date of filing suit. Thus a transfer, such as the one in this case, relates back to the filing of the suit, but not to exceed four months, which is outside the ninety day preference period. No preferential transfer has occurred.

This Court believes that *Hensley* represents the better rule. Under 11 U.S.C. § 547(e)(2)(A) the transfer takes effect upon the filing of the suit. The lien is created then and perfected then. No further perfection is required even though the transfer may later fail or be indefinite. Under 11 U.S.C. 547(e)(1)(A), a bona fide

purchaser cannot obtain an interest superior to the transferee once suit is filed. The rationale of *Proffit* misses the point that the filing of the suit perfects the transfer, rather than the later rendition of the judgment. The lack of a judgment extinguishes the inchoate lien. A judgment more than four months after suit was filed makes choate the transfer from a time four months prior thereto.

## SUMMARY

The Court holds that pursuant to Kansas law, the lien of the Mendenhalls attached and became effective on November 1, 1985, ninety-one days prior to the filing of the bankruptcy petition. The transfer is not a preference and is not avoidable.

This opinion constitutes the Court's findings of fact and conclusions of law. Counsel for the defendants shall within ten days prepare and present an appropriate form of judgment.