**In re David Edward HOWE and Joan Francis Howe, Debtors.**

**David Edward HOWE and Joan Francis Howe, Plaintiffs,**

**v.**

**EQUITABLE GAS COMPANY, Defendant.**

**Bankruptcy No. 89–01507.
Adv. No. 89–0405.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 6, 1990.

As Amended May 1, 1990.

Jeffrey J. Sikirica, for debtors.

Albert C. Peters II, for Equitable Gas Co.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the Court in this Chapter 11 proceeding is a Complaint to Set Aside Preference (Complaint) filed by David Edward Howe and Joan Francis Howe, Debtors-in-Possession (Debtors). The facts are not in dispute and the parties have filed Cross Motions for Summary Judgment.

On or about November 3, 1988, Equitable Gas Company filed a Complaint in Arbitration against the Debtors alleging moneys due Equitable for unpaid natural gas service. The case proceeded under the Rules of Compulsory Arbitration, Pa.R.Civ.P. § 1301, et seq., 42 Pa.C.S.A., and on February 17, 1989, an ex parte arbitration award was entered against the Debtors in the amount of $9,268.55. Pursuant to Pa.R.Civ.P. § 1307(b) (Rule 1307(b)), Equitable became a judicial lien holder against the real estate of the Debtors in the amount of the award.

Under Pennsylvania law, awards under compulsory arbitration must await a thirty day appeal period before final judgment can be entered; 42 Pa.C.S.A. § 1307(c). In the case at bar, the appeal interval elapsed without event and judgment in favor of Equitable was entered on the award on March 22, 1989.

Seeking relief from their mounting debts, the Debtors filed a Chapter 11 petition on June 6, 1989. According to their Disclosure Statement and Plan,[1] Debtors will attempt to sell some of their real es-

tate holdings in an effort to generate money with which to fund a distribution to unsecured creditors. Two parcels have been sold, the proceeds of which are subject to the lien and judgment at issue.

Debtors' Complaint seeks to avoid both the lien against their real estate and the judgment against them under 11 U.S.C. § 547(b).[2] The Debtors maintain that the lien and judgment which Equitable obtained in arbitration constitute avoidable preferential transfers.

While this section lists several criteria for qualification as an avoidable preference, the only one at issue between the parties is 11 U.S.C. § 547(b)(4)(A); that is, whether Equitable's lien and judgment arose within ninety days of the filing of the Debtors' petition. The Complaint claims that Equitable's lien arose on March 22, 1989 with the entry of judgment on the arbitration award, a date within ninety days of the filing of the petition. Equitable, on the other hand, contends that the lien arose on February 17, 1989 with the entry of the arbitration award upon the docket, a date beyond the ninety day preference period. It is undisputed that if the lien arose beyond ninety days prior to the filing, that is, before March 6, 1989, then the lien is not avoidable.

There are four questions presented for resolution and all revolve around Pennsylvania's Rule 1307(b), which reads:

The [arbitration] award when entered [upon the docket] shall be a lien upon the party's real estate, which shall continue during the pendency of an appeal or until extinguished according to law.

Pa.R.Civ.P. § 1307(b), 42 Pa.C.S.A.

We may dispose immediately of the Debtors' first argument, that the lien attached at the time final judgment was entered upon the arbitration award. Indeed, it is difficult to see how such an approach

---

1. The Disclosure Statement was approved and a Plan Confirmation hearing will be conducted soon.

2. The Debtors' Complaint was brought pursuant to 11 U.S.C. § 522(h), and not § 522(f) or § 506. Consequently, *Gaglia v. First Federal Sav. &*

*Loan Ass'n,* 889 F.2d 1304 (3d Cir.1989), and *Walters v. U.S. Nat. Bank of Johnstown,* 879 F.2d 95 (3d Cir.1989), are inapposite. There is no allegation that the lien at issue impairs Debtors' exemptions.

could be maintained, as the clear language of Rule 1307(b) states unequivocally: "The award when entered shall be a lien...."

The Debtors' second argument is an attempt to purge precedents by means of a false distinction between Rule 1307(b) and its predecessor, Section 24 of the Act of June 16, 1836, P.L. 715, 5 P.S. § 54 (repealed), (Section 24).

Section 24 reads:

Every award so entered shall have the effect of a judgment, with respect to the party against whom it is made, from the time of the entry thereof, and shall be a lien upon his real estate, until reversed upon appeal, or satisfied according to law.

5 P.S. § 54 (repealed). The Explanatory Note accompanying Rule 1307(b) indicates that the drafters intended to continue the practice then extant under Section 24. Although the Debtors admit as much, they go on to contend that the prior practice *was not* continued, because Section 24 is more restrictive than Rule 1307(b) in that, "Section 24 requires reversal or satisfaction of the award, ..." Plaintiffs' Brief in Support of Motion for Summary Judgment, Docket Entry No. 11 (Debtors' Brief) at 3. However, the language of Section 24 and Rule 1307(b) provide the same ultimate effect.

This Court finds that Rule 1307(b) continued the practice under Section 24 in accord with the expressed intention of its promulgators. Debtors' attempt to purge any precedents contrary to their cause fails. While there has been no relevant case law construing Rule 1307(b) called to the Court's attention, cases on point which applied Section 24 to facts similar to those at bench are of precedential value when interpreting Rule 1307(b).

*In re Koslowski*, 153 F. 823 (M.D.Pa. 1907), is one such case. The *Koslowski* Court found that although the judgment was entered within the preference period, the lien attached when the arbitration award was entered, which occurred beyond the preference period. Consequently, the Court held that the lien could not be avoided and was entitled to be paid out of the proceeds of the real estate of the bankrupt.

This Court finds that the *Koslowski* analysis is still valid and applicable in the instant case.

Debtors' third argument is a novel contention based on a unique interpretation of Rule 1307(b).

The Debtors' first premise for this contention is derived by reading Rule 1307(b) as if it stated, "... the lien exists during the pendency of an appeal or until the *award* (emphasis added) is extinguished by law." Debtors' Brief at 4. They continue, "Therefore if the *award* (emphasis added) is extinguished, Pennsylvania law by its express terms extinguishes the arbitration lien also." Debtors' Brief at 4. The Debtors' second premise is that the arbitration award is an *in personam* interest only, and that any *in rem* interest is created solely by the operation of Rule 1307(b). Thus, the Debtors conclude, when a discharge is eventually granted them under 11 U.S.C. § 524(a)(1), the *in personam* arbitration award will be voided. With the *in personam* interest voided by the Bankruptcy Code, Debtors assert that Rule 1307(b) will then operate to extinguish the *in rem* interest; *i.e.*, the arbitration lien.

While this Court agrees with Debtors' contention that upon discharge under 11 U.S.C. § 524(a)(1), the final judgment will be voided to the extent that it is a measure of Debtors' personal liability, the question still remains as to the effect of the discharge vis-a-vis the lien obtained under Rule 1307(b). It is here where the Debtors' argument is fatally flawed. The Debtors have misread Rule 1307(b).

Pennsylvania's Rules of Construction declare:

Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; ....

Pa.R.Civ.P. § 103(a), 42 Pa.C.S.A. Rule 1307(b) does not say that the lien exists during the pendency of an appeal or until the *award* is extinguished by law. The antecedent of the relative pronoun "which" is the word "lien," not the word "award." The lien exists during the pendency of an

appeal or until the *lien* is extinguished by law. Not only is this grammatically and logically correct, but it is also in accord with common usage; liens are extinguished, awards generally are not. Pennsylvania's Rule 1307(b) does not contemplate the extinguishing or voiding of the original arbitration award, but rather of the lien created thereby.

The Debtors are correct that even absent this preference action, the discharge in bankruptcy will void the judgment as to Debtors' personal liability to repay the underlying debt, 11 U.S.C. § 524(a)(1). *But see In re Berry,* 85 B.R. 367 (Bankr.W.D. Pa.1988) (discharge of the debtors' personal liability to repay the underlying debt is not to be equated with extinguishment of the underlying debt itself). They are incorrect in asserting that the discharge will trigger Pennsylvania's Rule 1307(b) to thereupon extinguish the lien and its impact upon the *res.* The Third Circuit Court of Appeals so held in *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186 (3d Cir. 1987):

> We instead follow the majority of courts which hold that the Bankruptcy Code and its legislative history plainly establish the better rule of law—that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt.

*Id.* at 188.[3]

Furthermore, even if we accept Debtors' premise, that the *award* may be extinguished by the discharge, our result does not change under the facts presented. The award arose outside of the preference period and the Bankruptcy Code cannot reach back to extinguish it through § 547(b). The arguments concerning a possible different result as a consequence of the discharge are not ripe for adjudication inasmuch as no discharge has been entered of record, nor will one be until, at the earliest, a plan is confirmed. 11 U.S.C. § 1141(d)(1)(A).

Finally, there is a fourth issue presented, the resolution of which potentially is dispositive. Stated simply, this Court has been asked to decide when the transfer, for the purposes of § 547(b), took place; did the transfer occur when the award was entered upon the docket and the lien attached or did it occur when the final judgment was entered? Based upon the views of other Courts which have been presented with similar situations, and based upon the demands of equity, this Court holds that the transfer occurred when the original award was entered and the lien attached.

In *In re Hatfield,* 101 B.R. 271 (Bankr.D. Kan.1989), the Court encountered a kindred dilemma. Under Kansas law,[4] a lien attaches against the defendant's real property when suit is first filed rather than at the time the final judgment is entered. In *Hatfield,* the commencement of the preference period fell between the initial filing and the entry of final judgment. The Court held that transfer took place at the time of filing when the lien attached, stating, in relevant part:

> ... under 11 U.S.C. §§ 547(b) and (e), the time the transfer is made depends on when the transfer is perfected. Perfection of a judgment lien happens when a bona fide purchaser from the debtor cannot acquire an interest superior to that of the transferee. State law ... governs the time of perfection. The Kansas statute says the lien is perfected as of the date of filing.... Even though inchoate and indeterminate, nevertheless the lien is perfected on the date of filing suit. Thus a transfer, such as the one in this case, relates back to the filing of the suit ... which is outside the ninety day preference period. No preferential transfer has occurred.

*Hatfield* at 273, citing *In re Hensley,* 70 B.R. 237 (Bankr.D.Kan.1987). *See also In re J.H. Welsh & Son Contracting Co.,* 68 B.R. 520 (Bankr.D.Ariz.1986).

---

**3.** See also *United Presidential Life Ins. Co. v. Barker,* 31 B.R. 145 (Bankr.N.D.Tex.1983) ("... the courts have properly prevented bankruptcy discharge from extinguishing valid liens on property even where the entire personal liability of the debtor has been discharged.").

**4.** Kan.Stat.Ann. § 60–2202(a) (Supp.1987).

Moreover, it is only because the state court action here proceeded under Pennsylvania's Rules of Compulsory Arbitration that there is an issue at all. Had the case been adjudicated in a trial before a judge of the Pennsylvania Court of Common Pleas, final judgment would have been entered contemporaneously with the award against the Debtors and by operation of § 4303(a), 42 Pa.C.S.A., the lien against real property also would have attached at that time. Equitable would have had a final judgment entirely outside of the preference period. Because Pennsylvania law mandates a thirty day appeal period after the arbitration award in which to request a trial *de novo*,[5] the rights of creditors to execute after obtaining an award in compulsory arbitration must await the expiration of the appeal period and the entry of the judgment.

The demarcation between who must proceed in compulsory arbitration and who may proceed from the outset in the Court of Common Pleas is a purely monetary one; those creditors pursuing claims in excess of $20,000[6] are heard from the outset by a judge. Those with claims less than this amount must appear before a Board of Arbitration.

If this Court does not allow the final judgment in an arbitration case to relate back to the time of the entry of the award, solely for the purpose of validating the lien, the result will be that creditors having claims in excess of $20,000, will receive special treatment over all other creditors. We do not believe that Pennsylvania courts would construe Pennsylvania law as mandating such an inequitable result. We cannot conclude that the Pennsylvania appellate courts would permit a deviation in the Commonwealth's lien priority scheme merely because of the amount of the claim subject to trial. The purpose of the arbitration system is the expediting of claims both large and small; the purpose is not to create a system of adjudication wherein some successful creditor/litigants will be treated more fairly than others.

Moreover, Pennsylvania law afforded the Debtors an affirmative right to appeal the unsatisfactory arbitration result. They chose not to exercise that right. Bankruptcy courts do not function as appellate courts for those individuals who decide too late that they are unhappy with an adverse judgment issued by a state court.

Returning now to the instant case, the arbitration award was entered on the docket on February 17, 1989. At that time, Equitable obtained a lien upon the real estate of the Debtors and no *bona fide* purchaser could acquire an interest superior to Equitable's.

On March 22, 1989, at Equitable's request, the prothonotary caused the entry of final judgment upon the arbitration award. The judgment established Debtors' *in personam* liability and enabled Equitable to enforce its lien. Because the judgment arose within the preference period it may be avoided under 11 U.S.C. § 547, thereby returning the parties to the status quo ante, as it existed beyond ninety days prepetition. Although the judgment is avoided, the lien against real estate created under Rule 1307(b) survives.

Accordingly, the lien created under Rule 1307(b) still exists and Equitable may collect upon the proceeds of any sale in proper priority vis-a-vis other creditors, even though it cannot compel such a sale and even though Debtors will have no personal liability to pay any deficiency.

This Court finds that Equitable has a valid lien in the amount of $9,268.55 and will grant Equitable's Motion for Summary Judgment with respect to the validity of the lien. However, the request for distribution will be denied without prejudice. This is a Chapter 11 proceeding and a Dis-

---

5. Boards of Arbitration under Pennsylvania's Rules of Compulsory Arbitration are comprised of three active attorney members of the local bar. Pa.R.Civ.P. § 1302(b). Under Pa.R.Civ.P. § 1311(a), the right to appeal and obtain a trial *de novo* before the Court of Common Pleas, ensures that litigants will have the opportunity to have their cases heard by a judge and jury, if so desired.

6. This amount will vary county by county. In the instant case, the venue was in Allegheny County where the cut-off point is $20,000. 42 Pa.C.S.A. § 7361(b)(2)(i).

closure Statement and Plan have been filed. It is not apparent from the record whether or not Equitable is an oversecured creditor. Distribution to all but oversecured creditors must await distribution pursuant to a confirmed Plan; *In re Conroe Forge & Mfg. Corp.*, 82 B.R. 781 (Bankr.W. D.Pa.1988).

The Debtors' Motion for Summary Judgment will be denied.

An appropriate Order will be entered.