> PARALEGAL: $ 60.00 per hour
> ATTORNEY: $150.00 per hour

All non-flat fee work shall be billed in increments of 0.1 hours and Sharon W. Grossenbach shall keep contemporaneous records of the time spent on client's case. The fees will be paid as agreed upon between client and Sharon W. Grossenbach.

4. **LAW OFFICE STAFF:** The client acknowledges that Sharon W. Grossenbach and Monty G. Hogue are the attorneys currently licensed to practice with this firm. Phil Wenzel, Mary Mattson, Susan Haag, Aaron Carson and Shannon Saling are paralegals.

5. **OTHER MATTERS:** I agree to keep Sharon W. Grossenbach fully informed of my current address and telephone number at all times during this case. If I do not keep you informed of my current address and telephone number, or other contact information so that I can be reached by you, my failure shall be proof that I have released Sharon W. Grossenbach from their obligation to serve my future interests, and they may decide to no longer serve as my attorney. I clearly understand that Sharon W. Grossenbach is not obligated to perform any future services if the agreed upon payments are not made each month and may withdraw from providing any further representation on my behalf.

I (We) have read and understand this Agreement and acknowledge receipt of a copy thereof.

Dated this ___11___ day of __JUNE_, 199_7_.

/s/ Scott Haynes
_____      _____
Client                                                        Client

_____
Attorney for Clients

In re Kevin M. WILLIAMS, Debtor.

Kevin M. WILLIAMS, Plaintiff,

v.

McCOY GRAIN CO., Defendant.

Bankruptcy No. 96–11250–12.
Adversary No. 96–5281.

United States Bankruptcy Court,
D. Kansas,
Topeka Division.

Jan. 27, 1998.

David G. Arst, Wichita, KS, for debtor/plaintiff.

Steven L. Speth, Wichita, KS, for defendant.

Arthur B McKinley, Sharp, McQueen, McKinley, Dreiling & Morain, P.A., Sublette, KS, for defendant.

Edward J. Nazar, Wichita, KS, for trustee.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Debtor's Complaint to Avoid Judgment Lien of McCoy Grain Co. The Debtor seeks to avoid the judgment lien as a preferential transfer pursuant to 11 U.S.C. § 547(b). The Court took the matter under advisement.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F).

### FINDINGS OF FACT

The parties stipulated to the following facts:

The Debtor, Kevin M. Williams, filed this Chapter 12 bankruptcy proceeding on April 18, 1996. On September 21, 1995, McCoy Grain Co., Inc., filed a petition in the District Court of Haskell County, Kansas. The Haskell County Petition was filed pursuant to Chapter 60 of the Kansas Statutes. The Debtor was properly served with a summons and was represented by counsel in the Haskell County proceeding.

On February 21, 1996, McCoy Grain obtained a judgment against the Debtor in the amount of $37,304.43, plus interest. The judgment against the Debtor was filed of record with the Clerk of the District Court of Haskell County, Kansas, on February 23, 1996.

The Debtor is the owner of Lots 11 and 12, Block 2, Derby Addition to the City of Sublette, Haskell County, Kansas. This real estate is subject to a first mortgage lien to Bank IV, N.A. The property is not exempt and has a value in excess of the $17,106.00 first mortgage claim of Bank IV, N.A.

### CONCLUSIONS OF LAW

McCoy Grain obtained a judgment against the Debtor on February 21 and filed the judgment of record two days later, on February 23. The only issue in this case is whether the transfer was made on or within 90 days before April 18, the date of the filing of the bankruptcy petition. The debtor contends that the transfer occurred on February 21, when the judgment was obtained.[1] McCoy Grain contends that the transfer occurred four months before the judgment was entered, the date its judgment was deemed perfected under state law. The parties

---

1. Neither party makes an argument regarding whether the February 21 or February 23 date is operative. The applicable statute, K.S.A. 60-2202(a), states that the judgment rendered shall be a lien on the real estate of the judgment debtor within the county in which the judgment is rendered, without the necessity of filing. Thus, this Court will use the February 21 date, noting that both dates fall within the 90 day preference period.

agree that McCoy Grain's judgment lien has all the other elements of a preferential transfer under 11 U.S.C. § 547(b).

Section 547 provides in pertinent part that:

(e)(2) For the purposes of this section, ... a **transfer is made—**

(A) **at the time such transfer takes effect** between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time ...; **[or]**

(B) **at the time such transfer is perfected,** if such transfer is perfected after such 10 days ...

. . . .

(e)(1) For the purposes of this section—

(A) **a transfer of real property ... is perfected when a bona fide purchaser** of such property from the debtor against whom applicable law permits such transfer to be perfected **cannot acquire** an interest that is superior to the interest of the transferee;

. . . .

[emphasis added].

Section 547(e)(2) states that the transfer is made either when it "takes effect" between the transferor and transferee (if it is perfected within 10 days); or it is made when the transfer "is perfected" (if it is perfected after 10 days). Thus, the date the transfer is made is dependent on when the transfer is perfected.

■ McCoy Grain argues that pursuant to K.S.A. 60–2202, the transfer took effect and was perfected no later than four months before the judgment was entered in February, such that the transfer occurred more than 90 days before the bankruptcy petition. K.S.A. 60–2202 provides in relevant part that:

(a) Any judgment rendered in this state by a court of the United States or by a district court of this state in an action commenced under chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the judgment debtor within the county in which judgment is

rendered. Except as provided in subsection (c), the lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment.

K.S.A. 60–2202(a).[2] Under K.S.A. 60–2202(a) the judgment is a lien on the debtor's real estate located in the county in which the judgment is rendered. The creditor need take no additional steps to perfect the lien. McCoy Grain argues that since the Kansas statute states that the lien is effective as early as four months before the entry of the judgment, the transfer was made outside of the 90 day preference period.

There are conflicting decisions in this district. *See Redmond v. Mendenhall,* 107 B.R. 318 (D.Kan.1989); *In re Hensley,* 70 B.R. 237 (Bankr.D.Kan.1987); *In re Proffitt Constr. Co.,* 73 B.R. 288 (Bankr.D.Kan.1987). One view is that the transfer is perfected when the judgment lien is **effectively perfected** under state law, which pursuant to K.S.A. 60–2202(a) may be as early as four months before the judgment is entered. The other view is that the transfer is perfected when the judgment **is actively perfected,** that is, upon entry of the judgment. Thus, the former view construes "is perfected" to mean the date that the judgment is effectively perfected under state law, recognizing a longer relation back period under state law; while the latter view construes "is perfected" to mean the date the judgment is entered, recorded or otherwise actively perfected under state law.

The Supreme Court has recently addressed this issue of when a transfer "is perfected," in a case dealing with the applicability of the enabling loan exception to § 547. That section states

(c) The trustee may not avoid under this section a transfer—

. . . .

(3) that creates a security interest in property acquired by the debtor—

. . . .

---

**2.** In this case, McCoy Grain's action was brought under chapter 60 of the Kansas Statutes Annotated exception set forth in K.S.A. 60–2202(c),

which deals with actions against state employees, is not applicable.

(B) that is perfected on or before 20 days after the debtor receives possession of such property.

In *Fidelity Fin. Servs., Inc. v. Fink,* —— U.S. ——, ——, 118 S.Ct. 651, 655, 139 L.Ed.2d 571 (1998), the Supreme Court held that "a creditor may invoke the enabling loan exception of § 547(c)(3) only by acting to perfect its security interest within 20 days after the debtor takes possession of its property." Thus, the creditor could not take advantage of a longer relation back period under state law to claim that its security interest was perfected at the time the debtor received possession of the property. The Court concluded that "a transfer is 'perfected' only when the secured party has done all the acts required to perfect its interest, not at the moment as of which state law may retroactively deem that perfection effective." *Id.* at ——, 118 S.Ct. at 654. The Court noted that the statute does not state that a transfer is perfected as of the date when an enabling creditor could claim priority in a fight with a creditor who has a judicial lien; but the statute states that a transfer is perfected when the contract creditor "cannot acquire" a superior lien. *Id.* And, whether a contract creditor can acquire a superior lien cannot possibly be determined until it is determined whether the enabling creditor has in fact performed all acts sufficient to perfect its interest. "Not until the secured party actually performs the final act that will perfect its interest can other creditors be foreclosed conclusively from obtaining a superior lien. It is only then that they 'cannot' acquire such a lien." *Id.*

■ K.S.A. 60–2202(a) provides that any **judgment** . . . shall be a lien. The entry of the judgment is the final step necessary for perfection. Thus, until a judgment is entered there can be no lien, and there likewise can be no determination of when the lien became effective. A bona fide purchaser, therefore, could acquire a superior interest if the judgment is subsequently not entered or if it is entered more than four months after the bona fide purchaser acquires its interest. Until the entry of the judgment, it is impossible to say that a bona fide purchaser "cannot acquire" a superior interest. *Fink* compels a conclusion that McCoy's judgment was perfected at the time it was entered, on or about February 21.

Section 547(e)(2) defines the date that a transfer is made as either the date it is perfected, or the date the transfer "takes effect" between the parties if it is perfected within 10 days thereafter. The transfer between McCoy and the debtor "took effect" when the judgment was entered. It was perfected at the same time. Based upon these facts, the transfer was made on February 21st and within the 90 day preference period.

Even if the Court accepts McCoy's argument that the transfer took effect four months before the entry of judgment, it was not perfected until February 21st when the judgment was entered. This was more than 10 days after the transfer took effect; and thus the transfer was made on the date it was perfected, within the 90 day preference period. *Either construction of when the transfer "takes effect" leads to the same conclusion, that the transfer was made at the time the judgment was entered, and within the 90 day preference period.*

**IT IS THEREFORE ORDERED BY THE COURT** that Debtor's Complaint to Avoid Judgment Lien of McCoy Grain Co. shall be GRANTED.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.