**In re Donald KARRER, d/b/a Guidos, also d/b/a Normandy Hunt Club, Debtor.**

**Bankruptcy No. X91–02031S. Contested No. 8074.**

United States Bankruptcy Court, N.D. Iowa, Western Division.

June 21, 1994.

Donald H. Molstad, Sioux City, IA, for debtor.

James Redmond, Sioux City, IA, for Paul Braunger, judgment lien holder.

Habbo Fokkena, trustee, Clarksville, IA.

## DECISION RE: DEBTOR'S MOTION TO AVOID LIEN

WILLIAM L. EDMONDS, Chief Judge.

Debtor Donald Karrer moves to avoid Paul Braunger's judgment lien against his homestead. Braunger resists. Hearing was held on June 15, 1994, in Sioux City. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

■ Karrer filed his chapter 7 case on November 8, 1991. He scheduled the following real estate:

Plot 48, The Heights, an Addition to Sioux City, in the County of Woodbury and State of Iowa and that part of Plot 50, The Heights, an Addition to Sioux City in the County of Woodbury and State of Iowa described as follows: Beginning at the Northwest corner of said Plot 50; thence South along the West line of said Plot 50 for a distance of 50 feet; thence with angle to the left of 105 31' for a distance of 186.8 feet to a point on the North line of said Plot 50 which is 180 feet East of the West line of said Plot 50; thence West along the North line of said Plot 50 for a distance of 180 feet to the point of beginning.

Docket No. 1, Schedule A. Karrer claimed the property exempt as his homestead.[1] Docket No. 1, Schedule C. The time for objecting to exemption claims expired January 22, 1992. No one objected.

Paul Braunger is a pre-petition creditor of Karrer. Braunger concedes that his claim against the debtor arose after Karrer occupied the real estate as a homestead. Braun-

ger filed an adversary complaint against Karrer asking for judgment on his claim and that the claim be adjudged nondischargeable. (Adversary No. X92–0047S). On April 6, 1994, the court issued judgment in Braunger's favor in the amount of $30,224.50; the judgment was excepted from Karrer's discharge under 11 U.S.C. § 523(a)(2)(A). The exception was based on the court's finding of fraud by Karrer. Karrer appealed; the appeal has not been decided.

Karrer filed his motion to avoid any lien against his real estate arising from Braunger's judgment (docket no. 17). He alleges that the lien impairs his homestead exemption, and he argues that it may be avoided under 11 U.S.C. § 522(f)(1). Braunger resists avoidance of the lien. Braunger contends first that Karrer's homestead claim exceeds in size the homestead exemption permitted under Iowa Code § 561.2. Braunger argues that his filing of the adversary complaint constituted timely objection to the claim.

Second, Braunger says that because he does not seek judicial sale of Karrer's homestead, there is no provision in Iowa law for avoiding his judgment lien. He contends that he would be entitled to the proceeds from any sale of the home. A sale, he says, is contemplated by Karrer, and a sale would amount to abandonment of the statutory protection of homesteads.

Third, Braunger argues that the purpose of § 522(f)(1) is to provide debtor with a fresh start by permitting debtors to avoid pre-petition liens. He says that such purpose is not relevant in this case because Karrer seeks "to avoid a post-filing judgment lien securing a nondischargeable debt which resulted from the (sic) his fraudulent conduct and misrepresentations." (Braunger brief, docket no. 21).

---

1. Karrer filed a post-hearing brief in support of his motion in which he states that one of the relevant facts is that debtor and his wife own the real estate. Nowhere does that appear in his schedules. His schedule A lists the homestead as being owned by debtor. As there is no evidence that Mrs. Karrer is indebted to Braunger, to the extent Mrs. Karrer has an ownership interest in the homestead, the obstacles to Braunger's

reaching the property perhaps become insurmountable. If the homestead interests of one spouse are not subject to execution, neither are the interests of the other. *Merchants Mutual Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980). The effect of Mrs. Karrer's homestead interest on the outcome of this dispute has not heretofore been raised. It will not be and does not need to be considered.

Last, Braunger contends that Karrer's fraudulent conduct should bar his use of the lien avoidance power under § 522(f)(1). As a matter of equity, he says the court has the authority not to permit the avoidance.

■ Karrer admits that the property, located within a city plat, exceeds one-half acre in size. His counsel offers an explanation of why the property was claimed as exempt in its entirety. His explanation is not relevant to this proceeding. Karrer claimed the entire property exempt, and Braunger, a pre-petition creditor, failed to object within 30 days of the conclusion of the meeting of creditors. Fed.R.Bankr.P. 4003(b). After that time, a creditor may not contest the validity of the debtor's claim, regardless of its statutory merit. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992). The court rejects the argument that the filing of Braunger's complaint constituted an objection to the claim of exemption. Nothing in the complaint indicated that Braunger objected to Karrer's claim to a homestead. Even if it did, the complaint was filed February 12, 1992, after the expiration of the 30–day period. Braunger may not now raise the objection that the claim of exemption was improper under Iowa law.

■ Because the homestead property was exempted from the estate, Braunger may not subject it to his claim. Section 522(c) of the Code provides that "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case. . . ." There are exceptions for certain types of nondischargeable claims, but a claim for fraud is not one of them. See 11 U.S.C. § 522(c)(1) and (3); *Walters v. U.S. National Bank in Johnstown*, 879 F.2d 95, 97 (3d Cir.1989). There is also an exception if the claim is secured by an unavoidable lien. 11 U.S.C. § 522(c)(2). That subsection is relevant only to the extent Braunger has a lien and only to the extent the lien is unavoidable under the Bankruptcy Code. Whether and to what extent Braunger has a lien against Karrer's homestead are issues now before the court, as is the issue of whether any existing lien may be avoided.

■ Braunger has no lien, and he may not obtain one. Section 522(c) is controlling. Although Karrer is liable to Braunger for a pre-petition debt not dischargeable because of fraud, Karrer's homestead, exempted through the bankruptcy process, is not liable for the surviving claim. The Bankruptcy Code protects not just a properly claimed homestead, but the homestead set aside as exempt even if it were improperly claimed.

■ Even without § 522(c), Iowa law would protect the debtor's proper homestead from the attachment of a lien arising from a judgment. Braunger states that this court's judgment became a lien on the property by virtue of Iowa Code § 624.23(1). He claims the lien attached upon entry of the judgment in the records of the clerk. Iowa Code § 624.24. In contrast, Iowa law provides that homesteads are exempt from judicial sale. Iowa Code § 561.16. There are certain exceptions, but they are not relevant here. See Iowa Code § 561.21. Braunger contends that he does not now desire to have judicial sale of the property, but that the lien should remain attached to the property until sold by Karrer at which time Braunger would have access to the proceeds. But under Iowa law, Braunger's lien never attached to the homestead, which Braunger may properly claim as exempt. Braunger concedes the occupancy of the property as a home prior to the debt and its continual occupancy thereafter. The Iowa Supreme Court has construed the statutory predecessors to Iowa Code §§ 624.23 and 561.16 to conclude that judgment liens do not attach to homestead property. *Lamb v. Shays*, 14 Iowa 567, 570 (1863).

■ If Karrer should sell his homestead, the proceeds of sale would be subject to execution by Braunger only to the extent provided under Iowa law. Such law would determine when and if the proceeds would lose their character as exempt property. See Iowa Code § 561.20. Under bankruptcy law, as to Braunger's claim, the proceeds would be those obtained from the sale of the entire property set aside as exempt in bank-

ruptcy despite the fact that the homestead claim may exceed that allowed by Iowa Code § 561.2. 11 U.S.C. § 522(c).

The court, therefore, concludes that this court's judgment against Karrer did not attach to any of the real property in question. Thus, there is no lien to avoid. The motion to avoid the lien must, therefore, be denied. Accordingly,

IT IS ORDERED that the motion of Donald Karrer to avoid the lien of Paul Braunger in debtor's homestead is denied.

SO ORDERED.