In re Mathew G. FARR, Debtor.

S & C Home Loans, Inc., Plaintiff,

v.

Mathew G. Farr, Defendant.

Bankruptcy No. 97–10870.
Adversary No. 97–1147.

United States Bankruptcy Court,
N.D. California.

July 23, 2001.

Michael C. Fallon, Law Offices of Michael C. Fallon, Santa Rosa, CA, for defendant.

Timothy W. Hoffman, Abbey, Weitzenberg, Hoffman and Emery, Santa Rosa, CA, Patrick K. McClellan, Law Offices of Patrick K. McClellan, Irvine, CA, Barry D. Parkinson, Law Offices of Barry D. Parkinson, Petaluma, CA, for plaintiffs.

### *Memorandum*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Mathew G. Farr filed a Chapter 7 petition in 1997. Within the prescribed time limits, plaintiff S & C Home Loans, Inc., filed this adversary proceeding to determine the dischargeability of its claim against Farr. On December 18, 1997, this court entered judgment against Farr, determining S & C's claim to be nondischargeable pursuant to section 523(a)(2) of the Bankruptcy Code.

In his bankruptcy schedules, Farr scheduled his residence at 814 Grandview Avenue, Sebastopol, as exempt. There were no objections to the claim of exemption. The base case has been closed, re-

vesting the property in Farr pursuant to section 554(c) of the Code.

In 1998, S & C sought to enforce its judgment against the Grandview Avenue property, alleging that it had appreciated in value to the point where there is some equity over and above the amount allowable under California homestead laws. The court ruled that S & C was barred from enforcing its judgment against the Grandview Avenue property by § 522(c) of the Bankruptcy Code which provides, in pertinent part:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt that arose ... before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title.

Section 523(a)(1) makes certain taxes nondischargeable; section 523(a)(5) covers spousal and child support. The clear implication is that property which was exempted is not liable after the bankruptcy for other types of nondischargeable debt. In finding the property not liable for S & C's judgment, the court explained in 1998:

While this may offend some notions of fairness, it is the mandate of the law. As the court noted in *Walters v. U.S. Nat. Bank of Johnstown*, 879 F.2d 95, 97–98 (3rd Cir.1989):

The bank urges that we should nevertheless rewrite section 522 because if it is read literally it conflicts with the overall purposes of the Bankruptcy Code. There is no such conflict, because the Bankruptcy Code has several goals, not the least of which is giving debtors a fresh start in life. Another, obviously somewhat conflicting, goal is to discourage debtor misconduct by preventing discharge of certain kinds of debt. Congress, after hearing from interested groups in the economy, struck a balance between competing goals. While we might have struck a different balance, we are not free to disregard the clear legislative judgment.

Not only does section 522(c) facilitate the fresh start of a debtor, but an equally important effect is the preservation of some property for tax and support claimants. Section 522(c) preserves property which was exempted for these creditors, both past and future, so that they do not have to compete with other types of creditors when attempting to enforce their claims.

In support of its position, S & C cited *In re Reed*, 940 F.2d 1317 (9th Cir.1991). However, that case is easily distinguished. That case dealt with postpetition appreciation of a property which had not yet revested in the debtor pursuant to section 554(c). The court properly held that in such case, the debtor was not entitled to anything beyond the amount of his homestead exemption upon the sale of the property. Section 522(c) is nowhere mentioned in *Reed*, because it was not relevant; the issue there was the rights of the bankruptcy estate, not enforcement of an individual debt. Moreover, *Reed* was based on California law. A debtor's rights under section 522(c) are governed by federal law, not state law. *Matter of Davis*, 105 F.3d 1017, 1021–23 (5th Cir.1997).

The clear intent of Congress in section 522(c) was to preserve property exempted in bankruptcy for satisfaction of tax and support obligations and, if the debtor has no such debts, for the debtor's fresh start. As the court in Walters noted, it is not the province of the courts to rewrite the statute if they disagree with Congress' judgment.

S & C appealed the court's 1998 ruling. However, the appeal was dismissed on procedural grounds. The same issue has now

arisen in a new context: Farr wishes to sell or refinance the property and is unable to do so because of S & C's judgment. Farr now seeks a finding of contempt against S & C for asserting a judgment lien against the property despite § 522(c).

The court begins by noting the dubious procedure of using the dischargeability adversary proceeding as a forum for seeking affirmative relief. Violation of the discharge is properly decided in the base bankruptcy case. If a determination of the validity and extent of a lien is involved, the matter would seemingly be best decided in a new adversary proceeding, not the old one. Nonetheless, the court will decide the merits of the matter in the forum selected by the parties.

S & C has two arguments. First, it argues that the court was wrong in deciding three years ago that the property was protected by § 522(c).[1] Second, it argues that there was some equity over and above the homestead in 1997 and its lien can validly attach to that amount even if § 522(c) does protect the property.

 As to the first argument, S & C still wants the court to re-write the Bankruptcy Code. Section 522(c) refers to "property exempted." It does not say "the debtor's exempt interest in property." If it did, the court would agree with S & C. As the court explained before, *In re Reed* did not discuss § 522(c) at all. It only held that until property has been aban-

doned or the case is closed, property remains in the bankruptcy estate and may be administered by the trustee, subject to the exemption claim. Once the property is no longer in the estate, it is property which has been exempted and is therefore protected by § 522(c).[2]

 The court sees no relevance to S & C's second argument for the same reason. The Grandview Avenue property was exempted and passed through the bankruptcy estate without being administered. The plain language of § 522(c) applies the same regardless of whether, as S & C alleges, there was equity over and above the exemption amount.[3]

Since the court's 1998 ruling was not decided on its merits, the court will not hit S & C with contempt sanctions. However, pursuant to § 105(a) the court has the power to make orders necessary to enforce the debtor's rights under the Bankruptcy Code. It will therefore enter an order decreeing that S & C has no right, title or interest in the Grandview Avenue property as a result of the judgment in this adversary proceeding or any claim which arose before Farr filed his bankruptcy petition.

Counsel for Farr shall submit an appropriate form of order.

---

**1.** Since the appeal was not decided on the merits, its dismissal is not the law of the case. *In re Hall*, 939 F.2d 802, 805 n. 1 (9th Cir. 1991).

**2.** See also *In re Karrer*, 183 B.R. 177, 180–81 (Bkrtcy.N.D.Iowa 1994). In that case the court held, as the court does here, that proceeds from the sale of a residence exempted in a bankruptcy case cannot thereafter be subject to execution to satisfy a prepetition debt nondischargeable under § 523(a)(2),

even if the proceeds exceed the exemption amount allowed under state law.

**3.** Equity over and above the exempt amount does not necessarily mean that the trustee will administer the property for a variety of reasons. For instance, the amount of the excess might not justify the expenses involved, or the tax basis of the property might be so low that the capital gains taxes would eat up any realizable equity.