Michele R. PEARSON and Denise L. Fahy, Plaintiffs–Appellants,

v.

William E. KANCILIA, Defendant–Appellee.

No. 04CA2539.

Colorado Court of Appeals, Div. II.

Nov. 16, 2006.

Certiorari Granted June 26, 2007.

Rick DeWitt, Englewood, Colorado, for Plaintiffs–Appellants.

Smith & Cook, L.L.C., Curtis V. Smith, Stephen C. Cook, Littleton, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Michele R. Pearson and Denise L. Fahy (collectively, the creditors) appeal the trial court's order exempting disability insurance benefits payable to William E. Kancilia (the debtor) from garnishment. We reverse and remand with directions.

## I. The Issue

The issue presented here is whether an exemption lacking statutory authority, claimed and allowed in bankruptcy, continues to protect that asset following the close of bankruptcy proceedings against the claims of pre-petition creditors whose claims were excepted from discharge. We answer in the negative.

## II. Trial Court Facts and Proceedings

In 1993, the debtor was a licensed chiropractic doctor. One of the creditors was a patient, and the other was both a patient and an employee. Each of the creditors became involved in a sexual relationship with the debtor. They both sued the debtor under a variety of civil theories, including assault and battery, negligent infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, and breach of contract.

While the litigation was pending, the debtor filed a voluntary Chapter 7 petition in bankruptcy pursuant to the Bankruptcy Code, 11 U.S.C. § 101, et seq. (2000). The bankruptcy court granted the creditors' relief from the automatic stay to allow them to proceed against the debtor in state court.

Following a jury trial, the creditors were awarded compensatory and punitive damages on their claims for negligence, outrageous conduct, and invasion of privacy. One creditor was awarded damages in excess of $400,000, and the other, $300,000. The judgments were affirmed on appeal. *See Pearson v. Kancilia*, 70 P.3d 594 (Colo.App.2003).

The creditors then sought to have their judgments excepted from discharge in the bankruptcy proceedings pursuant to 11 U.S.C. § 523(a)(6) (2000). The parties stipulated in the bankruptcy court that the creditors' judgments would be excepted from discharge.

The creditors commenced collection proceedings in state court and issued a writ of garnishment to Jefferson Pilot Life Insurance Company (the garnishee). The garnishee was paying the debtor benefits of $7,967 per month based on three disability policies purchased by him prior to his filing for bankruptcy protection.

The garnishee answered, stating that pursuant to § 10–16–212, C.R.S.2006, there was a statutory exemption of $200 per month, paid that amount to the debtor for the month in question, and paid the balance, $7,767, into the court. The debtor objected to the garnishee's calculation of exempt earnings on two grounds. First, citing § 13–54–104(2), C.R.S.2006, the debtor argued that only 25% of his disability benefits were subject to garnishment. Second, the debtor asserted that his disability policies were completely exempt from garnishment by operation of 11 U.S.C. § 522(l) (2000).

Prior to the hearing, the parties agreed that absent the operation of 11 U.S.C. § 522(l), which would accord the debtor a one-hundred percent exemption, § 13–54–104(2) which accords a twenty-five percent exemption would control. Following a hearing, the trial court agreed with the debtor that 11 U.S.C. § 522(l) controlled and exempted the entire disability benefit. This appeal followed.

## III. Bankruptcy Proceedings

The debtor's petition in bankruptcy scheduled the disability policies in "Schedule

B Personal Property," as "Three Disability Life Insurance Policies through Metropolitan Life (# 668747, # 686258, # 70200)," and indicated that their values were unknown. Then, on "Schedule C—Property Claimed as Exempt," the debtor claimed two exemptions as Wages, Commissions, Disability Insurance, § 13–54–104, C.R.S.2006, and Disability Life Insurance Policies and payments therefrom, § 13–54–104(3)(b)(II), C.R.S.2006, both claimed at 100%. It is apparent from the structure of the form that the two exemptions were claimed together.

There are two inaccuracies in the bankruptcy schedules. The first is that the policies were issued by Jefferson Pilot Life Insurance Company, not Metropolitan Life. The second is that § 13–54–104(3)(b)(II) deals with the exemption available when the debtor is supporting a spouse or dependent children, and that exemption is not for 100% of disposable income. There is no 100% exemption for life and disability insurance policies and their proceeds. There is, however, a 75% exemption for earnings, which includes disability benefits. Section 13–54–104(1)(b)(I), (2)(a)(I).

Bankruptcy Rule 4003(a) requires that challenges to exemptions claimed by a debtor be made within thirty days after the first meeting of creditors. Here, neither the trustee nor an interested party timely challenged the claimed exemptions. Therefore, the insurance policies were exempted from the bankruptcy proceedings meaning that they were not included in the bankruptcy estate; not subject to administration; and, not available to pay prepetition debts in the bankruptcy proceedings. See 11 U.S.C. § 522(*l*).

Subsequently, by stipulation, the bankruptcy court excepted from discharge under 11 U.S.C. § 523(a)(6)(1) the claim of one creditor in the amount of $100,000 plus costs of $9,335; and, (2) the claim of the other creditor in the amount of $300,000 plus costs of $9,571.

## IV. Bankruptcy Code

■ "[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' " *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *see Dalton v. Internal Revenue Serv.,* 77 F.3d 1297, 1300 (10th Cir.1996).

Commencement of a voluntary petition in bankruptcy creates an estate that, with some exemptions, comprises all legal or equitable property interests of the debtor as of the commencement of the proceedings. 11 U.S.C. § 541(a) (2000).

■ 11 U.S.C. § 522 (2000) governs exemptions that a debtor may claim in bankruptcy. In the bankruptcy estate, exempt assets are not available to the trustee to satisfy prepetition debts. *Ogunwo v. Am. Nat'l Ins. Co.,* 936 P.2d 606 (Colo.App.1997).

The Code creates federal exemptions. 11 U.S.C. 522(d) (2000). However, 11 U.S.C § 522(b) (2000) allows states to opt-out of the federal exemptions, in which case the state and local exemptions apply. Colorado is an opt-out state. *See* § 13–54–107, C.R.S.2006. Thus, in bankruptcy, a Colorado resident is limited to the exemptions that are available under Colorado law.

Colorado law has no separate or special exemption for disability policies or the proceeds thereof. As pertinent here, Colorado exempts 75% of an individual's disposable earnings. Section 13–54–104(2)(a)(I). "Earnings" include funds "held in or payable from" disability insurance. Section 13–54–104(1)(b)(I)(B), C.R.S.2006.

Nevertheless, an asset cannot be exempted from the bankruptcy estate unless it first falls within the bankruptcy estate. *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Therefore, to claim an exemption, the debtor must list the asset and then claim an exemption for it. 11 U.S.C. § 522(b).

11 U.S.C. § 522(*l*) governs a claim of an exemption and the right of a creditor or trustee to object to a debtor's claimed exemption. The statute requires the debtor to

list the property which he or she claimed to be exempt from the bankruptcy estate and further provides that, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." As pertinent here, Bankruptcy Rule 4003 requires that any objection be made within thirty days of the first meeting of the creditors.

11 U.S.C. § 522(c) (2000) establishes the post-bankruptcy relationship between "property exempted" and prepetition debts. *In re Leicht*, 222 B.R. 670 (B.A.P. 1st Cir.1998). 11 U.S.C. § 522(c) provides, in pertinent part:

Unless the case is dismissed, property exempted under this section is not liable during or *after the case* for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case [with certain exceptions].

(Emphasis added.) The exceptions include those set forth in 11 U.S.C. § 523(a)(1) or (5) (2000). 11 U.S.C. § 523 (2000) provides that some claims can be excepted from discharge; that is, they are not discharged by bankruptcy.

11 U.S.C. § 523(a)(6) excepts from discharge claims "for willful and malicious injury by the debtor to another entity or to the property of another entity." The creditors' claims here were excepted under that subsection. The Bankruptcy Code does not enjoin the actions of creditors whose debts are excepted from discharge pursuant to § 523. *In re Aldrich*, 34 B.R. 776 (B.A.P. 9th Cir. 1983); *In re Marriage of Wisdom*, 833 P.2d 884 (Colo.App.1992).

## V. Analysis

Again, the issue is whether an exemption, lacking statutory authority, claimed and allowed in bankruptcy, protects the asset from garnishment by creditors whose prepetition claims have been excepted from discharge following the close of bankruptcy proceedings. We conclude that it does not.

From our research, the only cases which address the precise issue presented here are *In re Karrer*, 183 B.R. 177 (Bankr.N.D.Iowa 1994), and *In re Farr*, 266 B.R. 197 (Bankr. N.D.Cal.2001) *(Farr I)*, *rev'd*, 278 B.R. 171 (B.A.P. 9th Cir.2002) *(Farr II)*.

In *Karrer*, the bankruptcy court considered whether an exemption granted in the bankruptcy proceedings that exceeded the amount authorized under state law nonetheless protected the entire asset from the claim of a prepetition creditor whose claim was excepted from discharge on the basis of fraud. While the case appears to have been decided under state law, the court discussed at length the implications of 11 U.S.C. § 522(c)(2) and concluded:

[Creditor] has no lien, and he may not obtain one. Section 522(c) is controlling. Although [debtor] is liable to [creditor] for a prepetition debt not dischargeable because of fraud, [debtor's] homestead, exempted through the bankruptcy process, is not liable for the surviving claim. The Bankruptcy Code protects not just a properly claimed homestead, but the homestead set aside as exempt even if it were improperly claimed.

*In re Karrer, supra*, 183 B.R. at 180.

In *Farr I*, the bankruptcy court stated that the legislative intent of § 522(c) was to preserve property exempted in bankruptcy from tax and support obligations and, if the debtor has no such debts, for the debtor's fresh start. It concluded that, because § 522(c) refers to "property exempted" and not to the debtor's exempt interest in property, the full value of the "property exempted" remained unavailable to the prepetition creditor whose claim was excepted from the discharge.

However, *Farr I* was reversed in *Farr II*. The Ninth Circuit concluded that the "property exempted" language of § 522(c) refers only to the exemption amount allowable by state law, there $100,000. The court stated:

"Exempted property" in § 522(c) means only the property that is subject to the exemption. As determined by California law, [debtor]'s exempted property consisted of the $100,000 homestead, and did not extend to any nonexempt equity in the real property to which [creditor]'s lien might attach. [Debtor]'s "fresh start" was protected by the California exemption scheme, grafted onto the Bankruptcy Code.

*Farr II, supra*, 278 B.R. at 181. We are persuaded by the rationale and conclusion of the Ninth Circuit in *Farr II*.

We hold that an exemption, lacking a statutory basis, but which is claimed and allowed in bankruptcy, does not protect the exempted asset from garnishment following the close of the bankruptcy proceeding by creditors whose prepetition claims have been excepted from discharge.

To hold otherwise would permit a debtor in bankruptcy to create an unauthorized exemption if the trustee or a creditor failed to make the requisite objection in a timely manner. In addition, if an unauthorized exemption were so created, a prepetition creditor whose claim is excepted from discharge would be a second-class creditor in the post-bankruptcy period. That is, the postpetition creditor would be limited by only the exemptions authorized by state or federal law; while the prepetition creditor, who suffered a wrong of sufficient magnitude that the creditor's claim was excepted from discharge, would be subject to a greater unauthorized exemption than is granted in bankruptcy. We cannot conclude that Congress would have intended such a result.

The order is reversed, and the case is remanded for further proceedings in accordance with the views expressed in this opinion.

Judge ROTHENBERG and Judge HAWTHORNE concur.