William E. KANCILIA, Petitioner

v.

Michele R. PEARSON and Denise L. Fahy, Respondents.

No. 07SC4.

Supreme Court of Colorado, En Banc.

June 23, 2008.

Curtis V. Smith, Stephen C. Cook, Smith & Cook, L.L.C., Littleton, Colorado, Attorneys for Petitioner.

Rick DeWitt, Denver, Colorado, Attorney for Respondents.

Justice EID delivered the Opinion of the Court.

In this appeal, William Kancilia challenges the court of appeals' conclusion that his disability insurance payments can be garnished to satisfy judgments held by two of Kancilia's

creditors, Michele Pearson and Denise Fahy. In the midst of Pearson and Fahy's trial against Kancilia involving various tort claims, Kancilia filed for bankruptcy. He claimed his disability insurance payments as exempt property that could not be used to satisfy his pre-bankruptcy debts, although he claimed a higher percentage of exemption than was permitted under Colorado law. Ultimately, Pearson and Fahy succeeded on their claims against Kancilia, and sought to garnish his disability insurance payments to satisfy their judgments.

The trial court agreed with Kancilia that because he had claimed his disability insurance payments as exempt property, and because Pearson and Fahy had failed to object to the claimed exemption within the requisite thirty-day period, the payments were protected from garnishment, even though Pearson and Fahy held nondischargeable debt that survived the close of the bankruptcy proceedings. The court of appeals reversed, holding that a claimed exemption lacking statutory authority does not protect the exempt asset from garnishment following the conclusion of the bankruptcy proceedings by creditors holding nondischargeable debt, even though those creditors failed to timely object to the claimed exemption. *Pearson v. Kancilia*, 165 P.3d 775, 779 (Colo.App.2006).

We now reverse. First, we conclude that, under *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), when assets such as Kancilia's disability insurance payments are claimed as exempt property, that exemption becomes final if not objected to within the requisite thirty-day period, even where the exemption lacks a statutory basis. Because Kancilia's claimed exemption was not objected to within the requisite thirty-day period by Pearson and Fahy (nor by any other creditor or interested party), the exemption became final and cannot now be challenged. Second, we hold that under the plain language of the United States Bankruptcy Code, exempt property is not liable during or after the bankruptcy case for "any debt" of the debtor that arose before the commencement of the bankruptcy

proceedings, even nondischargeable debt, with four enumerated exceptions. Because Pearson and Fahy's nondischargeable debt does not fall into one of those exceptions, they cannot garnish Kancilia's disability insurance payments and must look to his other assets to satisfy their judgments against him.

## I.

Petitioner Kancilia was a practicing chiropractor in 1993 when he became involved in sexual relationships with Respondents Pearson and Fahy, who were his patients and later became his employees. Pearson and Fahy eventually sued Kancilia under several civil claims, including assault and battery, negligent infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, and breach of contract. While the litigation was pending, on September 11, 1998, Kancilia filed a voluntary Chapter 7 petition in bankruptcy pursuant to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532. The federal bankruptcy court initially entered an automatic stay of the state court trial, but on March 5, 1999, it granted Pearson and Fahy relief from the stay so that they could proceed against Kancilia in state court on their civil claims. Following the trial, Pearson and Fahy were awarded compensatory and punitive damages on their claims for negligence, outrageous conduct, and invasion of privacy. The jury awarded Pearson approximately $400,000 and Fahy nearly $300,000. The judgments were affirmed on appeal. *See Pearson v. Kancilia*, 70 P.3d 594 (Colo.App.2003).

Pearson and Fahy sought to have their judgments excepted from discharge in the bankruptcy proceedings pursuant to 11 U.S.C. section 523(a)(6), and the parties stipulated that the judgments were in fact nondischargeable debt. On November 2, 2001, Pearson and Fahy initiated state court garnishment proceedings against Kancilia.[1] On April 28, 2004, Pearson and Fahy served a writ of continuing garnishment on Jefferson Pilot Life Insurance Company. Jefferson Pilot's answer to the writ stated that the company owed Kancilia monthly disability insur-

---

1. In a separate federal declaratory judgment action, the federal court ruled that Kancilia's insur-

er owed no obligation to indemnify Kancilia for the judgments obtained by Pearson and Fahy.

ance payments in the amount of $7,967, based on three disability policies that Kancilia had purchased prior to his filing for bankruptcy. Further, Jefferson Pilot stated that section 10–16–212, C.R.S., provided an exemption of $200 per month. Accordingly, it paid $200 to Kancilia and paid the balance for the month, $7,767, to the court.

Kancilia filed an objection to the garnishee's calculation of exempt earnings. First, he asserted that pursuant to section 13–54–104(2)(a)(I)(A), C.R.S., only twenty-five percent of his disability insurance payments could be subject to garnishment. Second, he contended that in any event, under 11 U.S.C. section 522(l), his disability insurance payments were completely exempt from garnishment. Specifically, on Schedule B of his bankruptcy petition, Kancilia had listed three Metropolitan Life disability life insurance policies (# 668747, # 686258, and # 70200) as personal property, and claimed their value as "unknown." On "Schedule C—Property Claimed as Exempt," Kancilia had claimed two exemptions: (1) Wages, Commissions, Disability Insurance, section 13–54–104, C.R.S., and (2) Disability Life Insurance Policies and payments therefrom, section 13–54–104(3)(b)(II), C.R.S. The value of the exemptions was listed as one hundred percent.

Two inaccuracies existed in Kancilia's claim of exemption. First, the referenced statutory section, section 13–54–104(3)(b)(II), did not support the claimed exemption. That section relates to the exemption available when the debtor is supporting a spouse or dependent children, and was not relevant in Kancilia's case. Different provisions, sections 13–54–104(1)(b)(I)(B) and (2)(a)(I)(A), provide a seventy-five percent exemption for "earnings," which include disability insurance benefits. As a result, Kancilia's claimed one hundred percent exemption was not supported by the applicable law. The second inaccuracy was the fact that the bankruptcy schedule listed the policies as issued by Metropolitan Life, rather than Jefferson Pilot Life Insurance Company.

Kancilia noted in his objection to the calculation of exempt earnings that neither Pearson nor Fahy (nor any other creditor or interested party) objected to his claimed exemption within the requisite thirty-day period under Federal Rule of Bankruptcy Procedure 4003(b). As a result, Kancilia claimed that his disability insurance payments were fully exempt from garnishment.

In a hearing held on July 20, 2004, the parties agreed that under section 13–54–104(2)(a)(I)(A), seventy-five percent of each disability payment was exempt from garnishment. The remaining issue was whether Kancilia's claimed one hundred percent exemption, made pursuant to 11 U.S.C. section 522(l), operated to fully protect his disability payments from garnishment. The trial court agreed with Kancilia that because he had claimed a one hundred percent exemption for his insurance payments, and because Pearson and Fahy had failed to timely challenge the claimed exemption, the disability insurance payments were protected from garnishment, even though Pearson and Fahy held nondischargeable debt that survived the close of the bankruptcy proceedings.

The court of appeals reversed, holding that a claimed exemption lacking a statutory basis does not protect the exempt asset from garnishment following the conclusion of the bankruptcy proceedings by creditors holding nondischargeable debt, even though those creditors failed to timely object to the claimed exemption. *Pearson v. Kancilia,* 165 P.3d 775, 779 (Colo.App.2006). The court concluded that the opposite result would permit a debtor to create an unauthorized exemption as long as the bankruptcy trustee or a creditor failed to make an objection within the requisite thirty days. *Id.* We granted certiorari in this case to review the court of appeals' ruling.[2]

## II.

Kancilia contends that his disability insurance payments are exempt property and are therefore protected from garnishment. We

---

**2.** Specifically, we granted certiorari on the following issue: Whether the court of appeals erred in holding that a creditor with non-dischargeable debt may garnish assets that a debtor claimed as exempt from the bankruptcy estate pursuant to 11 U.S.C. section 522(l), where the exemption lacked a statutory basis under Colorado law.

agree, and reverse the court of appeals' holding to the contrary. First, we consider Pearson and Fahy's argument that Kancilia's exemption contained inaccuracies that voided the claimed exemption. We then consider their contention that, even if Kancilia's disability insurance payments are exempt property, they can nonetheless garnish those payments because their judgments are non-dischargeable debt that survived the close of the bankruptcy proceedings.

### A.

■ Pearson and Fahy's first argument requires us to decide whether Kancilia's disability insurance payments are exempt property. Chapter 7 of the United States Bankruptcy Code permits a debtor to liquidate his or her assets by selling the debtor's nonexempt property and distributing the proceeds to the debtor's creditors. When a debtor files a bankruptcy petition, all of his or her property, with some exemptions, becomes the property of a bankruptcy estate. *See* 11 U.S.C. § 541(a) (2006). The bankruptcy trustee gathers and sells the debtor's nonexempt assets and uses the proceeds of those assets to pay creditors in accordance with the provisions of the Bankruptcy Code.

Among the schedules that a debtor files as part of the bankruptcy petition is a list of exempt property. To exempt property, the debtor must first list an asset and then claim an exemption for it. 11 U.S.C. § 522(b). Federal Rule of Bankruptcy Procedure 4003(b) requires that a challenge to a claimed exemption be made within thirty days after the first meeting of creditors. Before the thirty-day objection period expires, interested parties may request an extension of the thirty days under Rule 4003(b), or ask for a hearing on a claimed exemption under Rule 4003(c).

Property can be exempt either under federal bankruptcy law or under the laws of the debtor's home state. *See* 11 U.S.C. § 522(d) (creating federal exemptions); *see also* 11 U.S.C. § 522(b) (permitting each state to adopt its own exemption law in place of the federal exemptions). Colorado has opted out of the federal exemptions and has created its own. *See* § 13–54–107, C.R.S. (2007). As a result, in bankruptcy, a Colorado resident is limited to the exemptions available under Colorado law. *Id.*

Colorado has no specific exemption for disability insurance payments. Rather, those payments are considered "earnings." *See* § 13–54–104(1)(b)(I)(B) (stating that "earnings" include "[f]unds held in or payable from ... disability insurance"). Seventy-five percent of an individual's disposable earnings is exempt from the bankruptcy estate. § 13–54–104(2)(a)(I)(A). Thus, Pearson and Fahy are correct that Colorado law exempts only seventy-five percent of Kancilia's disability insurance payments, not one hundred percent, as claimed by Kancilia on his bankruptcy schedule.

The question here, however, is whether Pearson and Fahy can now challenge the validity of Kancilia's claimed exemption, given that the thirty-day period for making such challenges has passed. The United States Supreme Court has addressed this issue, and has held that the expiration of the thirty-day objection period is an absolute bar to challenging the validity of the claimed exemption. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

In *Taylor*, the debtor had obtained a judgment of liability against her employer in her employment discrimination suit, but her damages had not yet been calculated. *Id.* at 640, 112 S.Ct. 1644. While the employer was appealing the judgment of liability, the debtor filed a Chapter 7 bankruptcy petition. *Id.* On her schedule, the debtor claimed an exemption for the money that she expected to win in her discrimination suit. *Id.* She described the property as "Proceeds from lawsuit—[*Davis*] v. TWA" and "Claim for lost wages," listed its value as "unknown," and claimed the full amount as exempt. *Id.* at 640, 642, 112 S.Ct. 1644. The bankruptcy trustee did not object to the claimed exemption within the requisite thirty-day period. *Id.* at 641, 112 S.Ct. 1644. However, the parties agreed that had the trustee timely challenged the exemption, his objection would have been valid because the debtor did not have the right to exempt more than a

small portion of her lawsuit proceeds, either under state law or under the federal exemptions listed in 11 U.S.C. section 522(d). *Id.* at 642, 112 S.Ct. 1644.

The Court upheld the validity of the exemption, concluding that the trustee's failure to object within the requisite thirty-day period precluded any further challenge to the exemption, even if the debtor did not have a good faith or reasonably disputable basis for claiming the exemption in the first place. *Id.* at 643–44, 112 S.Ct. 1644. It relied on the plain language of 11 U.S.C. section 522(*l*), which provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." The Court specifically rejected the argument—made by Pearson and Fahy and relied upon by the court of appeals in this case [3]—that its holding would encourage debtors to claim meritless exemptions in the hope that no one would timely object. *Taylor,* 503 U.S. at 643, 112 S.Ct. 1644. As the Court noted in rejecting any requirement of good faith, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* at 644, 112 S.Ct. 1644. The Court suggested that baseless claims of exemption could be dealt with in other ways, including through various provisions of the Bankruptcy Code that penalize improper conduct in bankruptcy proceedings. *See id.* (citing provisions).

In this case, as in *Taylor,* Kancilia's claim that his insurance disability payments were one hundred percent exempt property was not supported by the applicable law. However, neither the bankruptcy trustee nor any other interested party, including Pearson and Fahy, made an objection to Kancilia's claimed exemption within the requisite thirty days. Under *Taylor,* the expiration of the thirty-day objection period is an absolute bar to challenging the validity of the claimed exemption. Therefore, Pearson and Fahy cannot now challenge the validity of Kancilia's exemption, even though it lacked a statutory basis.

■ *Taylor's* absolute bar disposes of the other inaccuracy in Kancilia's exemption as well—the fact that Kancilia misidentified

the insurance company that issued the policies. A claim of exemption must furnish enough information to put the trustee and other interested parties on notice of the wisdom of further inquiry, and to enable them to inquire into whether the property is in fact exempt under law. *See, e.g., Payne v. Wood,* 775 F.2d 202, 206 (7th Cir.1985). We conclude that Kancilia sufficiently identified his insurance policies to permit Pearson, Fahy, and other interested parties to further inquire into the validity of his claimed exemption. Kancilia listed all three of his disability policies, provided the correct policy number for each, and identified the policies as life policies, rather than term. Although he listed the incorrect company name, this inaccuracy would not have affected an interested party's decision to inquire further into the validity of the exemption. Indeed, the fact that Pearson and Fahy later served a writ of garnishment on the correct insurance company indicates that they were not misled by the error. Because Kancilia's claimed exemption sufficiently described the disability insurance payments, Pearson and Fahy were required, under *Taylor,* to object to the exemption within the requisite thirty-day period (or to ask for an extension of the thirty-day objection period under Rule 4003(b), or for a hearing on the issue under Rule 4003(c)). They did not do so, and therefore, the exemption has become final. Accordingly, we find that Kancilia's disability insurance payments are exempt assets.

**B.**

■ Pearson and Fahy's second argument raises an issue not present in *Taylor*—that is, the interaction between exempt property and nondischargeable debt. An individual Chapter 7 bankruptcy case usually results in the discharge of the debtor's debts, meaning that a creditor may no longer initiate or continue any action against the debtor to collect a discharged debt. However, some types of debts are not discharged through bankruptcy. *See* 11 U.S.C. § 523(a). The debtor continues to be liable for these types of debts to the extent that they are not paid in the Chapter 7 case. In particular, and

---

**3.** The court of appeals did not consider the *Tay-*  *lor* decision in its opinion.

relevant to Pearson and Fahy's claims, any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not discharged by bankruptcy proceedings. 11 U.S.C. § 523(a)(6). As a result, Pearson and Fahy argue that their claims survived the bankruptcy proceedings and can be satisfied by garnishing Kancilia's disability insurance payments, even if those payments are exempt property under 11 U.S.C. section 522.

The issue before us, then, is whether Kancilia's exemption under section 522 for his disability payments protects those payments from garnishment by creditors holding nondischargeable debt under section 523. Section 522(c) states that exempt property "is not liable during or after the case for *any debt* of the debtor that arose . . . before the commencement of the case" (emphasis added). It goes on to provide four exceptions in which creditors with nondischargeable debt may reach exempt property: (1) debt for taxes or domestic support obligations; (2) debt secured by an unavoidable lien or tax lien; (3) debt caused by a fiduciary's fraud, or debt caused by willful and malicious injury by the debtor to another entity, that is owed by an institution-affiliated party of an insured depository institution to a federal regulatory agency; and (4) debt in connection with fraud in obtaining financial aid at an institution of higher education. Notably, there is no general exception provided for nondischargeable debts. The plain language of section 522(c) thus provides that exempt property cannot be used to satisfy "any" debt that arose prior to the bankruptcy—including a nondischargeable one—unless that nondischargeable debt falls within one of the four enumerated exceptions. Numerous courts have come to this conclusion regarding the intersection of exempt property and nondischargeable debt. *See, e.g., Walters v. U.S. Nat'l Bank*, 879 F.2d 95, 96–97 (3d Cir.1989)

(holding that an exemption can be claimed even in the face of nondischargeable debt, and noting that "Congress was well aware of the relationship between [section 522(c) and section 523], and carefully excepted from the exemption section some, but not all, nondischargeable debts"); *In re Karrer*, 183 B.R. 177, 180 (Bankr.N.D.Iowa 1994) (holding that because nondischargeable debt based on fraud was not one of the four enumerated exceptions to exempt property, the exempt property was not liable for the creditor's surviving claim); *In re Ewiak*, 75 B.R. 211, 212 (Bankr.W.D.Pa.1987) (holding that only the enumerated four types of nondischargeable debt are "singled out for special elevated treatment" and that "[n]o other nondischargeable claims are so elevated").[4]

Under the plain language of section 522(c), then, Kancilia's disability insurance payments are protected from garnishment by Pearson and Fahy. Although Kancilia's debt to Pearson and Fahy was based on willful and malicious injury and therefore was nondischargeable under section 523(a)(6), their debt does not fall within the four exceptions enumerated in section 522(c) that permit creditors with nondischargeable debt to reach exempt property. Therefore, Pearson and Fahy cannot reach the disability insurance payments to satisfy their nondischargeable debt.

Pearson and Fahy argue that they were granted an "exception from discharge" and that Kancilia has no relief from the debt he owes them. This assertion is correct as far as it goes, but it does not answer the question of what assets can be garnished to satisfy the debt. That question is answered by the plain language of section 522(c), which states that unless one of the four enumerated exceptions applies, exempt property such as Kancilia's disability insurance payments cannot be used to satisfy "any debt" that arose before the commencement of the bankruptcy

---

**4.** The court of appeals relied on two cases, *In re Karrer*, 183 B.R. 177 (Bankr.N.D.Iowa 1994), and *In re Farr*, 278 B.R. 171 (9th Cir.2002), to support its conclusion that a claimed exemption does not protect the exempt asset from garnishment by creditors with nondischargeable claims. As noted above, *Karrer* actually goes against Pearson and Fahy's position because it holds that exempt property cannot be liable for nondis-

chargeable debt unless that debt falls within the four enumerated exceptions in section 523(c). 183 B.R. at 180. Nor does *Farr* help their argument, as the court in that case held that the property at issue was not included in the exemption claimed on the debtor's schedule. 278 B.R. at 181–82. As a result, *Farr* is inapposite to the case at bar.

proceedings. As a result, Pearson and Fahy must look to other assets held by Kancilia in order to satisfy their nondischargeable debt.

## III.

For the foregoing reasons, we reverse the court of appeals. First, we conclude that, under *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), when assets such as Kancilia's disability insurance payments are claimed as exempt property, that exemption becomes final if not objected to within the requisite thirty-day period, even where the exemption lacks a statutory basis. Because Kancilia's claimed exemption was not objected to within the requisite thirty-day period by Pearson and Fahy (nor by any other creditor or interested party), the exemption became final and cannot now be challenged. Second, we hold that under the plain language of the Bankruptcy Code, exempt property is not liable during or after the bankruptcy case for "any debt" of the debtor that arose before the commencement of the bankruptcy proceedings, even nondischargeable debt, with four enumerated exceptions. Because Pearson and Fahy's nondischargeable debt does not fall into one of those exceptions, they cannot garnish Kancilia's disability insurance payments and must look to his other assets to satisfy their judgments against him. We therefore reverse and remand for further proceedings consistent with this opinion.